CASE 72—PETITION EQUITY—JUNE 12.

## Peek's Ex'or v. Peek's Ex'or, &c.

.　APPEAL FROM KENTON CIRCUIT COURT.

1. BENEFIT INSURANCE—TRUSTS—SPECIFIC PERFORMANCE.—One who is the sister of the insured and under a contract with him is made the beneficiary in a benefit certificate of insurance and agrees to accept a portion of the fund arising therefrom under the terms of the insured's will, and to act as trustee in the distribution of the remaining portion of the fund according to the provisions of his will, will be held to a strict compliance with the agreement, notwithstanding a provision in the constitution and by-laws of the Benefit Insurance Society, that the fund arising therefrom shall not constitute a part of the insured's estate; and the fact that some of the beneficiaries in the will of the insured were not his relatives will not prevent the distribution of the fund under the provisions of his will.

CHARLES F. FISK FOR APPELLANT.

A. C. ELLIS FOR APPELLEES.
(Record and briefs not in the office.)

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

David C. Peek deceased was a member of Hercules Lodge No. 3 Ancient Order United Workmen and was entitled to $2,000, from said order payable at his death to whomsoever he had designated during his lifetime in his benefit certificate. It appears that a former certificate had been made payable to a son and daughter; upon the death of the son, it was changed for the benefit of the daughter and upon her death, the member in October, 1891, directed the proper

officer of the order to have the certificate made payable to his sister Mary Peek. When the certificate had been forwarded for such change and returned to the proper officer of Hercules Lodge, the member before receiving it and thus finally making permanent the designation in his sister's favor, had her to execute the following writing:

"Whereas on the 23d day of October, 1891, David C. Peek made his last will under the terms of which Mary Peek is to receive at his death the sum of $500. Now, therefore, in consideration of the said provision and bequest under the said will Mary Peek aforesaid promises and agrees with the said David C. Peek to sign and receipt for the money and insurance that is to be paid over by the Ancient Order of United Workmen at the death of said David C. Peek and the said Mary Peek hereby agrees and authorizes the said Ancient Order of United Workmen after she shall have signed and receipted for the said insurance, that the same be paid over to H. C. Thomas, executor of the said will for him to distribute under the terms of same.

The said David C. Peek in consideration of the promises and agreements herein made by Mary Peek agrees that the insurance aforesaid shall be made payable to her, with the distinct understanding that she shall receipt for same and permit the money paid over at once to H. C. Thomas, executor, to be distributed according to the terms of the said will.

Witness our hands on this 23d day of November, 1891.

her<br>MARY   x   PEEK<br>mark

Witness: H. C. THOMAS
GEO. PITTS.

Of this writing the managing officers of the lodge had full knowledge. In May, 1894, David C. Peek died and his will referred to in the agreement with his sister and read to her at the time of the execution of the contract with her, was duly probated in the Kenton County Court.

Appellant H. C. Thomas qualified as executor as provided in the will, and later on Mary Peek died without having collected the benefit fund indicated, and E. B. Lewis qualified as her executor.

Appellant Thomas then instituted this action against Lewis, executor, the Grand Lodge of the A. O. U. W. and Hercules Lodge No. 3, to settle the question of the distribution of the fund. The lodge answered that the money was payable to the last beneficiary named in the member's certificate, who is Mary Peek, but averred its readiness to pay the money to whomsoever the court might direct. It is the contention of Lewis, executor of Mary Peek, that the appellant is entitled to no part of the fund to be distributed under the will of David C. Peek, but that the whole is payable to him as the executor of Mary Peek. This contention is based mainly on the following clause of the constitution and laws of the A. O. U. W.:

"In the portion of this fund, namely, $2,000, to which the beneficiaries of a deceased member are entitled, the member's themselves have no individual property right; it does not constitute a part of their estate to be administered, nor have they any right in or control over the same except the power to designate the person or persons to whom, as beneficiaries, the same shall be paid at the death of the member. The beneficiaries thus designated have no vested right in

said sum until the death of the member gives such right, and the designation may be changed by the member in the method prescribed by the order, at any time before his death."

This contention on the part of Lewis, executor, was supported by the learned judge below. We are of different opinion.

The provisions of the laws of the order relied upon were intended chiefly to prevent this fund from being diverted from the use of the member's family or relatives, to the payment of his debts. They can not be relied upon to perpetuate a manifest fraud. By the will of testator his sister was to receive $500 of this fund in consideration of which she agreed to act, as it were, as trustee in the distribution of the remaining portion of the fund; but for her agreement to that effect she would presumably not have been named and designated as beneficiary; she was named as beneficiary in the certificate upon the condition that she would do with the money what her brother desired to do with it.

The question whether the member might have originally designated the church, to which he gave $300, or his lodge to which he gave another sum, as beneficiaries in the certificate, does not arise here. The sole question is whether Mary Peek would in her lifetime or her executor now, be allowed to repudiate the trust imposed on her, when she became the beneficiary; upon the condition she would execute the trust. We see no reason why this trust may not be enforced and have no doubt it would have been executed by Mary Peek had she lived. All the rights of Mary Peek arise

by virtue of the contract with David C. Peek, because by means of that contract she procured herself to be named as beneficiary in the certificate. If she had failed to carry out her contract or her executor fails to carry out the agreement, a court of equity would cancel the certificate before it would allow the trustee to benefit herself or her estate in violation of her solemn contract.

The judgment below proceeds upon the theory that as some of the beneficiaries of Peek's will are not relatives the member could not indirectly provide for them when he could not do so directly. This at most might vitiate the certificate and policy of insurance at the instance of the lodge, but no such question is made by the lodge and could not well be for the reason that the officers of the lodge were fully cognizant of the conditions upon which Mary Peek was named as beneficiary. In our opinion the fund is to be distributed as directed in the will of David C. Peek. Judgment is therefore reversed for proceedings consistent herewith.