[S. F. No. 3247.   Department Two.—March 14, 1904.]

## CATHERINE SHEEHAN et al., Appellants, v. JOURNEYMEN BUTCHERS' PROTECTIVE AND BENEVOLENT ASSOCIATION OF THE PACIFIC COAST et al., Respondents.

BENEVOLENT ASSOCIATION—LIBERAL CONSTRUCTION OF ARTICLES—LIMITATION OF BENEFICIARIES—POWER UNDER BY-LAWS.—The articles of incorporation of a benevolent and mutual relief association, incorporated under the act of March 28, 1874, (Stats. 1873-1874, p. 745,) should receive a liberal construction; and though the limitation of the beneficiaries of its members may be less extensive than that permitted by the statute, the limitation must be expressed in clear and unambiguous terms. A certificate of incorporation of such association, stating that one of its purposes is "to relieve the distress of widows and orphans," is not to be construed as limiting the benefits of the association solely to the widows and orphans of deceased members; and it may by its constitution or by-laws, adopted in harmony with the statute, extend its benefits to other persons.

ID.—DESIGNATION OF MOTHER BY UNMARRIED MEMBER—SUBSEQUENT MARRIAGE—EXCLUSION OF WIDOW AND CHILD.—Where such association by its by-laws contracted that a member may designate some one related to him by blood or dependent upon him, as a beneficiary of the endowment fund payable upon his death, such contract is not *ultra vires;* and the designation of the mother of an unmarried member, being valid when made, if left unchanged after the marriage of the member, was valid at his death, and the mother is entitled to the endowment fund then payable, to the exclusion of his widow and child.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   J. C. B. Hebbard, Judge.

The facts are stated in the opinion.

G. Gunzendorfer, for Appellants.

The designation of any other beneficiary than a widow or orphan described in the charter of incorporation was *ultra vires* and void. (Niblack on Benefit Societies, sec. 158; *Kentucky M. Ins. Co.* v. *Miller's Admr.*, 13 Bush, 489; *Duval* v. *Goodson*, 79 Ky. 224; *American Legion of Honor* v. *Perry*, 140 Mass. 589; *Briggs* v. *Earle*, 139 Mass. 473; *Elsey* v. *Odd Fellows' Assn.*, 142 Mass. 224; *National Mutual Aid Assn.* v. *Gonser*, 43 Ohio St. 1; *Knights of Honor* v. *Naison*, 60 Mich. 44; *Leonard* v. *American Ins. Co.*, 97 Ind. 305; *Danielson* v. *Wilson*, 73 Ill. App. 287; *Keener* v. *Grand Lodge*, 38 Mo. App. 543, 544; *Order Railway Conductors* v. *Koster*, 55 Mo. App. 186; *Wagner* v. *Benefit Society*, 70 Mo. App. 161; *American Legion of Honor* v. *Smith*, 45 N. J. Eq. 466, 470.)

Cullinan & Hickey, for Respondents.

The charter of a benevolent association must be liberally construed. (Niblack on Benefit Societies, 2d ed., sec. 175; 1 Bacon on Benefit Societies, 247; *Knights of Pythias* v. *Schmidt*, 98 Ind. 374; *Chartrand* v. *Brace*, 16 Colo. 19;[1] *Ballou* v. *Gile*, 50 Wis. 618; *Massachusetts Foresters* v. *Callahan*, 146 Mass. 391; *Simcoke* v. *Grand Lodge*, 84 Iowa, 387; *Gundlach* v. *Germanic Mechanics' Assn.*, 4 How. 339; *Massey* v. *Mutual Relief Soc.*, 102 N. Y. 523.) The charter, liberally construed in connection with the statute and by-laws, permitted the designation of the mother. (*Massachusetts Foresters* v. *Callahan*, 146 Mass. 391; *Maneely* v. *Knights etc.*, 115 Pa. St. 308; *Massey* v. *Mutual Relief Soc.*, 102 N. Y. 523.)

HARRISON, C.—The plaintiff seeks by this action to recover from the defendant corporation the amount of an endowment fund payable by it upon the death of Edward F. Sheehan.

It is alleged in the complaint that the Journeymen Butchers' Protective and Benevolent Association of the Pacific Coast is a fraternal, benevolent, and beneficial corporation, duly organized under the laws of this state, and conducting the business of insuring the lives of its members. The purposes of the association, as set forth in its articles of incorporation,

_____
[1] 25 Am. St. Rep. 235.

are: "To give aid and assistance to the sick and disabled members; to bury the dead and to relieve the distress of widows and orphans; to endeavor to improve the moral, intellectual, and social condition of its members, and to cultivate friendship and harmony among them; also to regulate and further the interests of the trade, to educate those in the profession to the necessity of co-operation in order to attain a systematic standard for work and wages, and to uphold the dignity of labor." It also appears from the complaint that the association has adopted a constitution for the regulation and conduct of its business, in the preamble of which its object is stated to be: "To aid and give assistance to our sick and disabled members; to bury the dead, and relieve the distress of widows and orphans; to strive earnestly to improve the moral, intellectual, and social condition of its members, tending to cultivate friendship and harmony among them."

On June 15, 1897, Edward F. Sheehan was duly elected and became a member of the association. He remained a member in good standing until his death, September 13, 1900. At the time he became a member he was unmarried, and so remained until February 3, 1900, when he was married to the plaintiff Catherine, and they continued to be husband and wife until his death. The plaintiff Edward is their infant son, and his mother has been appointed his guardian *ad litem.* These plaintiffs are the only heirs at law of the deceased. After the death of said Edward the association levied upon its membership and collected an assessment amounting to six hundred dollars, to pay the endowment due and payable upon his death, and the same is in its possession. The plaintiffs demanded of the association that the money so collected be paid to them, and upon its refusal brought the present action for its recovery. A demurrer of the defendants to the complaint upon the ground that it does not state facts sufficient to constitute a cause of action was sustained, and from the judgment entered thereon the plaintiffs have appealed.

The act of March 28, 1874, (Stats. 1873-1874, p. 745,) under which the defendant was incorporated, is entitled "An act relating to mutual, beneficial, and relief associations." Section 1 provides that such association may be formed, "for the purpose of paying to the nominee of any member a sum

upon the death of said member not exceeding three dollars for each member of such association." Under section 2 the certificate which it is to file in order to enable it to exercise corporate power must state, among other matters, "the general objects of the association." By section 3 it is authorized, upon the death of a member, to levy and collect an assessment upon each member living at the time of the death, "and pay the same to the nominee of such deceased."

In the constitution of the association, after setting forth the different sources from which its income is to be derived, and declaring that all moneys so received shall go to the general fund, "except assessments, which shall go to the endowment fund," it is declared (art. II, sec. 3), "The endowment fund shall be used for the payment of money as specified in article VIII." Article VIII provides as follows (sec. 5.) : "All members shall enter upon the will-book, which shall be kept by the recording secretary, the person or persons to whom the endowment fund, due at his death, shall be paid, who shall in every instance be one or more members of his family, or some one related to him by blood, or who shall be dependent upon him; in case of no known blood relation, he may will it to the lodge. If one or more members of the beneficiaries shall die during the lifetime of the member, the surviving beneficiary or beneficiaries shall be entitled to the benefit equally unless otherwise provided in the will-book, and if all the beneficiaries shall die during the life time of a member, and he shall have made no other direction, the benefit shall revert back to the endowment fund of the association." On July 27, 1897, the deceased entered upon the will-book of the association a direction that all the endowment money due at his death should be paid to his mother, Ellen Sheehan.

The plaintiffs contend in support of their right of recovery that it was *ultra vires* for the defendant corporation to permit Sheehan to designate his mother as the beneficiary of the endowment fund; that the purpose of the association, as declared in its articles of incorporation, other than those relating to the members themselves, being "to relieve the distress of widows and orphans," the corporation is not authorized to accept from a member his designation as a beneficiary of or to pay the endowment fund to any person other than his widow or orphan; that the provision of article VIII of its constitu-

tion, under which a member may direct the payment of the endowment fund due at his death, to the extent that it authorizes him to designate any other than his widow or orphan child, was in excess of the corporate power of the association and void.

We are of the opinion that such a strict construction of the power of the defendant corporation is not warranted by the statute under which it was incorporated, or by the terms of its articles of incorporation, and that such construction would in many cases defeat the very purposes for which the association was formed. The association is beneficial in its character, and the primary purpose for which it is formed is to provide for the welfare of its members, and to enable them to derive a mutual advantage therefrom. The constitution which the members adopted is in the nature of an agreement embodying the terms upon which they associate themselves for this purpose, and is to be construed in such a manner as will carry their agreement into effect; and the corporate power which is given to the association is to be exercised between the members themselves for their mutual benefit and advantage, rather than in transactions with strangers to the corporation. It is upon this consideration that it is held by the courts that the articles of incorporation of such associations are to receive a liberal construction rather than the strict construction which is applied to the exercise of corporate power by those corporations whose dealings are with strangers whose interests are adverse to the interests of its members; and while a corporation of this character will not be allowed under this rule of liberal construction to exercise its power for the benefit of those who are not within the scope of the statute under which it is incorporated, it may in its articles of incorporation limit the beneficiaries of its members to classes less extensive than is permitted by the statute. If, however, such limitation is intended, it should be expressed in clear and unambiguous terms. Any ambiguity or uncertainty in this respect will receive a construction which will make valid rather than avoid a contract between the corporation and one of its members, and which will carry into effect the manifest intention of the member as to the disposition of the endowment fund.

As stated above, section 2 of the act of 1874 requires the certificate of incorporation to state "the general objects of

the association,'' and the certificate filed by the defendant
herein states that one of its purposes is ''to relieve the distress
of widows and orphans.'' Neither the statute nor the certifi-
cate limits the benefits of the association to the widows and
orphans of ''deceased members,'' as is the case in many of the
authorities cited on behalf of the appellants, nor is there any
restriction therein upon the corporation in reference to the
character of the person who may be nominated by the mem-
ber as his beneficiary. The limited construction of the con-
tract entered into by the corporation contended for by the
appellants is not therefore required by these provisions. In
fact, if such construction were permissible it would exclude
unmarried members of the association from the privileges of
other members in designating a beneficiary, and thus in part
defeat the chief object of the association. The defendant
herein, in its articles of incorporation, does not limit the bene-
fits of its organization to aiding the immediate families of its
members, or any particular individuals of such families, nor
is there any restriction upon its power to contract with one
of its members for the payment of the endowment fund to
others than his widow or orphan children, and in the absence
of such restriction it was not *ultra vires* for the corporation to
contract with Sheehan for the payment of the endowment
fund to his mother. In *Maneely* v. *Knights etc.,* 115 Pa. St.
305, a similar question was presented. One of the purposes of
the corporation in that case was ''the maintenance of a society
for the purpose of benefiting and aiding the widows and or-
phans of deceased members.'' By its constitution the associa-
tion provided that the sum of one thousand dollars should be
paid ''to such person or persons as the deceased may have
designated to receive the same, as appears on the books of the
lodge of which he is a member; if no designation has been
made, then to his widow; if no widow survives, then to his
child or children.'' The deceased was married at the time he
became a member of the association and designated his sister
as his beneficiary, and after his death his widow claimed the
fund. The court held, however, that the designation was
valid, and that the sister was entitled to receive the money.
In response to the contention that the corporation could not
contract to pay the fund to any other than the widow or or-
phan of the deceased person, the court said: ''We think this

is too narrow and strained a view to take of the second section of the charter quoted above. While it is true that the general purpose of the corporation is there stated to be the maintenance of a society for benefiting and aiding widows and orphans of deceased members, it must be observed that this is only the statement of a general purpose. It is only the recital of an object sought to be accomplished, and which doubtless is accomplished in the great majority of cases, even though in exceptional cases the benefits may, by special contract, be paid to other persons than the widow or orphans. There is no prohibitory or restrictive language excluding from the powers of the corporation the right to contract specially with the member for the payment of benefits to other persons than his widow or orphans. Nor is such a contract to be held void by reason of any necessary implication from the language of the charter. For the widow and orphans may be much benefited, and in many ways, by a contract designating another beneficiary [giving many illustrations of this proposition]. Many more illustrations of a similar character might easily be suggested, but it is unnecessary. They all prove the same proposition, to wit, that it is entirely possible to benefit the widow or orphans by means of such a membership, though neither of them is the designated beneficiary, and hence there is no necessary conflict between the second section of the charter and the nineteenth article of the constitution." (See, also, *Benefit Association* v. *Blue,* 120 Ill. 121;[1] *Ballou* v. *Gile,* 50 Wis. 614; *Massey* v. *Mutual Relief Society,* 102 N. Y. 523.)

The contention of the appellants that the foregoing provisions of the "constitution" of the defendant are invalid, for the reason that they purport to extend the benefits of the corporation to persons who are not within the scope of its articles of incorporation, is untenable. These provisions are to be construed according to their matter rather than by the title which is given to them. They are in effect the equivalent of by-laws of the corporation. Section 5 of the act of 1874 authorizes the association "to make such by-laws not inconsistent with the laws of this state as may be necessary for its government and for the transaction of its business"; and their designation as articles of a "constitution," rather than as by-laws, was doubtless suggested by section 599 of the Civil Code, which pro-

[1] 60 Am. Rep. 558.

vides that corporations for purposes other than profit may "either in their by-laws, ordinances, *constitutions,* or articles of incorporation, provide: . . . 8. Other regulations not repugnant to the constitution or laws of the state and consonant with the objects of the corporation."

The authority of the corporation for levying an assessment upon its members is contained in section 3 of the act of 1874, and the provision therein for the payment of the assessment to the "nominee" of the deceased member is a limitation upon the power of the association to make any other disposition of the fund. Article VIII provides the mode in which the member is to designate his "nominee," and limits such nominee to the classes of individuals named therein. If such "nominee" dies during his lifetime, and no other nominee is designated by him, the section provides that the fund shall revert to the association. Under the provision of article II that "the endowment fund shall be used for the payment of money as specified in article VIII," a compliance with the provisions of article VIII is essential to the liability of the corporation to pay an endowment, and precludes a recovery against the corporation unless the claimant shall show that this provision has been complied with.

The designation by Sheehan of his mother as his beneficiary was therefore not in violation of any provision contained in the charter of the association, but was in strict conformity with the rule which it had adopted as a condition upon which the endowment fund should be paid. Under the act of 1874 his "nominee" was not required to be a member of his family, or even dependent upon him, and at the time that he designated his mother as his beneficiary it does not appear that there was any widow or orphan dependent upon him. She was "related to him by blood," and is thus directly within one of the designated classes to which the association had provided that the endowment fund should be paid. As the designation of his mother was therefore valid when it was made, and was not changed by Sheehan in his lifetime, it remained valid at his death, and gave her the right to receive the endowment fund. (*Massachusetts Foresters* v. *Callahan,* 146 Mass. 391; *Connecticut Mutual Life Ins. Co.* v. *Schaeffer,* 94 U. S. 457; *Courtois* v. *Grand Lodge A. O. U. W.,* 135 Cal. 552.[1]) There is no

[1] 87 Am. St. Rep. 137.

provision in the constitution or rules of the association by which a change in the domestic *status* of a member works a revocation of his entry in the "will-book" or requires a change of his "nominee." His designation of the beneficiary remains unaffected and operative at his death in all cases, except when some one or all the beneficiaries designated by him shall have died previous to his own death.

We advise that the judgment appealed from be affirmed.

Chipman, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

Henshaw, J., McFarland, J., Lorigan, J.