SUPREME COUNCIL OF ROYAL ARCANUM *vs.* LUELLA M. McKNIGHT *et al.*—(LUELLA M. McKNIGHT, Appellant, *vs.* EMMA LITTLE, Appellee.)

*Opinion filed February 19, 1909.*

1. BENEFIT SOCIETIES—*when contract may be changed by subsequent by-law.* Where a benefit certificate is issued and accepted upon condition that the member shall obey the laws, rules and regulations then in force or which may thereafter be adopted, there is no vested right to have the contract remain unaffected by any future change in such laws, rules and regulations, and the fact that the beneficiary named may have been eligible under the by-laws then existing does not preclude her being rendered ineligible by a subsequent law.

2. SAME—*when defense to a benefit certificate is not waived.* Where the by-laws of a benefit society provide that in case the designation of a beneficiary fails, for illegality or otherwise, the benefit shall be payable, among others, to the member's wife, the filing of a bill of interpleader by the society to determine whether the member's wife or the designated beneficiary is entitled to the fund,—which the society admits belongs to one or the other of them,—is not a waiver by the society of the defense of illegal designation, such as precludes the wife from litigating that question. (*Farrenkoph* v. *Holm,* 237 Ill. 94, explained.)

3. SAME—*when the designated beneficiary is entitled to be reimbursed for advances.* Where the named beneficiary, upon an understanding with the financially embarrassed member, pays the dues and assessments on the certificate, an equitable interest in the fund is acquired such as entitles her to re-imbursement when her designation as beneficiary is held illegal upon bill of interpleader, notwithstanding the law of the State of the society's origin regards contracts made upon those conditions as invalid.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. J. W. MACK, Judge, presiding.

The Supreme Council of the Royal Arcanum, a corporation organized under the laws of the State of Massachusetts and doing business in the State of Illinois, filed its bill

of interpleader in this case, in which it was alleged that
Luella M. McKnight and Emma Little each claimed to be
entitled to the payment of the benefits mentioned in a cer-
tificate issued to James H. Little as a member of Garden
City Council, one of the subordinate bodies of the Royal
Arcanum, in 1898, in which Luella M. McKnight was des-
ignated as the beneficiary. The bill alleged that the society
was willing and desirous of paying the amount named in
the certificate to the person who, in the judgment of the
court, was entitled to it, and asked that it be permitted to
pay said sum into court for the benefit of such of the con-
tending parties as the court should decide was entitled to it
and upon such payment the society should be released from
further liability.

Luella M. McKnight answered the bill, alleging that she
was a daughter of a sister of Little's deceased wife and
was therefore his niece; that she had been a member of
his family and dependent upon him for support since 1887,
when she was ten years of age; that after the death of
Little's wife, who was designated as the beneficiary in the
original certificate, he applied for a change of beneficiary
in the certificate, and explained to the officers of Garden
City Council, agents of the supreme council, that she was
eligible to be named as beneficiary in the certificate, and
this was so done. The old certificate was surrendered and
the one designating Luella M. McKnight as beneficiary was
issued in May, 1898. She further alleged in her answer
that after said certificate was so issued Little became finan-
cially embarrassed and unable to pay his dues and assess-
ments and was in arrears $14.98; that he wrote her if she
wished to keep up his dues and keep the certificate in force
he was willing she should do so, and that thereupon she
called upon the collector of the subordinate council, showed
him the letter, explained fully her relationship to Little, and
was informed that if she made the payments she would
receive the benefits, whereupon she paid the arrears and

afterwards paid all assessments up to the time of Little's death, aggregating $300.

Emma Little, after admitting the allegations of the bill about which there was no controversy, in her answer averred that the Supreme Council of the Royal Arcanum was without authority to pay any part of its · beneficiary fund to anyone who did not bear the relation to the deceased member of wife, child, relative of or person dependent upon such member, and set out the constitution and by-laws defining the persons who might be designated as beneficiaries. Her answer further alleges that she was married to Little in December, 1899, and is his widow, and as such is entitled to the benefit mentioned in the certificate, and that Luella M. McKnight is not entitled to said benefit for the reason that she was not the niece of said Little nor in any manner related to or dependent upon him.

Upon the hearing the court found and decreed that Luella M. McKnight was not the niece of Little, and could not, under the laws of the order, be named a beneficiary under the certificate; that Emma Little was the wife of the said James H. Little at the time of his death, October, 1904, and under the laws of the order was entitled to the sum deposited by it with the clerk and that Luella M. McKnight was not entitled to any part thereof. From that decree Luella M. McKnight, who will hereafter be referred to as appellant, appealed to the Appellate Court. That court affirmed the decree of the circuit court, and she has prosecuted a further appeal to this court.

MILLARD R. POWERS, for appellant:

Where the designation of a beneficiary is not prohibited by statute or public policy, and the society waives the defense, no one else can avail of such position to defeat an opposing claim. *Schoales* v. *Order of Sparta,* 206 Pa. St. 11; *Koerts* v. *Grand Lodge,* 119 Wis. 520; *Ledebuhr* v. *Wisconsin T. Co.* 112 id. 657.

Any defense the society might have made was personal to it, and was waived by filing its bill and paying the money into court. *Woodmen* v. *Rutledge,* 65 Pac. Rep. 1105; *Accident Co.* v. *Catlin,* 106 Mich. 138; *Knights of Honor* v. *Watson,* 64 N. H. 517; *Sangunitto* v. *Goldy,* 84 N. Y. Supp. 989; *Johnson* v. *Knights of Honor,* 53 Ark. 255; *James* v. *Royal Arcanum,* 130 Fed. Rep. 1014; *Brown* v. *Mansur,* 64 N. H. 39.

Neither claimant can set up any matter waived by the society. *Woodmen* v. *Rutledge,* 65 Pac. Rep. 1105; *Accident Co.* v. *Catlin,* 106 Mich. 138; *Knights of Honor* v. *Watson,* 64 N. H. 517; *Brown* v. *Mausur,* 64 id. 39; *Marcey* v. *Amazun,* 61 id. 134; *Taylor* v. *Hair,* 112 Fed. Rep. 913; *Tupper* v. *Royal Arcanum,* 61 N. J. Eq. 638.

W. S. OPPENHEIM, for appellee:

The charter, by-laws, application and benefit certificate form the contract between a benevolent association and its members. *Lehman* v. *Clark,* 174 Ill. 279; *Fullenwider* v. *Royal League,* 180 id. 621.

The right to the fund is determined by the relation of the beneficiary or claimant to the member at the time of his death. *Murphy.* v. *Nowak,* 223 Ill. 301; *Baldwin* v. *Begley,* 185 id. 180; *Knights of Honor* v. *Menkhausen,* 209 id. 277; *Alexander* v. *Parker,* 144 id. 355; *Palmer* v. *Welch,* 132 id. 141.

The right of a claimant to the fund is not waived or destroyed by the filing of a bill of interpleader. *Parke* v. *Welch,* 33 Ill. App. 188; *Palmer* v. *Welch,* 132 Ill. 141; *Keener* v. *Grand Lodge,* 38 Mo. App. 543.

A benevolent organization of another State has no greater powers than a similar incorporation of this State. *Coverdale* v. *Royal Arcanum,* 193 Ill. 91.

Appellant was not a "niece" of the member and was not dependent upon him. *Supreme Council* v. *Bennett,* 47 N. J. Eq. 39.

Mr. JUSTICE FARMER delivered the opinion of the court:

When the original certificate was issued to James H. Little, in 1895, his then wife, Olivia S. Little, was named as beneficiary. Shortly after her death, in 1898, Little surrendered the original certificate in accordance with the rules of the organization and procured another one, dated May 13, 1898, in which Luella M. McKnight, "niece," was designated as beneficiary. The objects of the Royal Arcanum as defined by its charter are: "To establish a widows' and orphans' benefit fund, from which, on the satisfactory evidence of the death of a member of the order who has complied with all its lawful requirements, a sum not exceeding $3000 shall be paid to the wife, children, relatives of or persons dependent upon such member, as limited and described in the laws of said order relating to benefit certificates, as he may direct in accordance with said laws."

When Little became a member of the Royal Arcanum, section 324 of the by-laws provided that "a benefit may be made payable to any one or more persons of any of the following classes only: *Grade 1st.*—Member's wife. * * * *Grade 8th.*—Member's nieces and nephews." That by-law remained in force until August 1, 1904, when it was amended to read as follows: "A benefit may be made payable to any one or more persons of any of the following classes only: *Grade 1st.*—Member's wife. * * * *Grade 8th.*—Member's nieces and nephews, (children of brothers and sisters of the whole blood.) *Grade 9th.*—Member's nieces and nephews, (children of brothers and sisters of the half blood.) * * * *Grade 13th.*—Member's relatives other than those named in the precedent grades who might be distributees of the personal estate of such member upon his death intestate, in either of which cases no proof of dependency of the beneficiary designated shall be required; but in case of adoption, proof of the legal adoption of the child or parent designated as beneficiary, satisfactory to the supreme secretary, must be fur-

nished before the benefit certificate can be issued. All relatives of a member to whom a benefit may be payable as above provided must be blood relatives."

Section 330 of the by-laws reads as follows: "If at the time of the death of a member who has designated as beneficiary a person of class second, the dependency required by the laws of the order shall have ceased or shall be found not to have existed, or if the designated beneficiary is his wife and they shall be divorced upon the application of either party, or if any designation shall fail for illegality or otherwise, then the benefit shall be payable to the person or persons mentioned in class first, section No. 324, if living, in the shares and order of precedence by grades as herein enumerated, the persons living of each precedent grade taking in equal shares, per capita, to the exclusion of all persons living of subsequently enumerated grades, except that in the distribution among persons of grade second the children of deceased shall take by representation the share the parent would have received, if living. If no one of said class first shall be living at the death of the member, the benefit shall revert to the widows' and orphans' benefit fund." It is by virtue of this by-law that Emma Little, hereafter referred to as appellee, claims to be entitled to the money, her contention being, that under the laws of the Royal Arcanum appellant could not be designated beneficiary, and that such designation of her having failed for illegality, appellee, as a person mentioned in grade 1, in the classification of persons who may be named as beneficiaries under section 324 of the by-laws, is entitled to the money.

There is no dispute about the facts. The controversy relates only to questions of law. The principal points of controversy may be stated as follows: Appellant contends that she was a proper person to be designated as beneficiary in the certificate when it was issued, and that her rights are not affected by the change in the by-laws in 1904; also,

that when the Royal Arcanum filed its bill in this case it waived any defense it might have against the payment of the money to appellant, and that appellee cannot set up any matter against the payment of said money to appellant so waived by the society. The correctness of both these propositions is denied by appellee.

In our view of the case it is unnecessary to decide whether the appellant was a person authorized to be named as a beneficiary at the time she was named. We are of opinion that even if she was, by the laws of the society, as amended in 1904, she was rendered ineligible to be designated as such beneficiary. The by-laws then adopted limited the designation of nephews and nieces to children of brothers or sisters of the member of the whole or half blood. The appellant contends that this by-law was effective only as to certificates issued after its adoption, and as the certificate in this case was issued before that time, the appellant cannot be deprived of the benefits of it by the subsequently adopted by-law. The certificate contains a provision that it is issued "upon condition that the said member complies in the future with the laws, rules and regulations now governing the said council and fund or that may hereafter be enacted by the supreme council to govern said council and fund." Endorsed on the certificate is the statement, "I accept this certificate on the conditions named herein," which was signed by James H. Little. We have frequently held that the beneficiary in such cases as the present one has no vested interest in the certificate. The member of the society may at any time change the beneficiary by complying with the rules and regulations of the society for that purpose. Upon this subject this court has said: "Where the contract contains an express provision reserving the right to amend or change by-laws it cannot be doubted that the society has the right so to do, and where, in a certificate of membership, it is provided that members shall be bound by the rules and regulations now

governing the council and fund or that may thereafter be enacted for such government, and those conditions are assented to and the member accepts the certificate under the conditions provided therein, it is a sufficient reservation of the right in the society to amend or change its by-laws. * * * The contract requiring compliance with any by-laws that might be thereafter enacted, and the certificate being accepted with such a clause therein, there is no vested right of having the contract in the certificate remain unchanged, because the recognition of the power to make new by-laws is necessarily a recognition of the right to repeal or amend those theretofore made." (*Fullenwider* v. *Royal League,* 180 Ill. 621.) "A party cannot claim the right to have a contract remain unaltered when the contract itself provides that it may be changed." (*Baldwin* v. *Begley,* 185 Ill. 180.) See, also, *Supreme Lodge Knights of Pythias* v. *Kutscher,* 179 Ill. 340; *Supreme Lodge Knights of Pythias* v. *Trebbe,* id. 348; *Murphy* v. *Nowak,* 223 id. 301.

These decisions appear to us to be conclusive against appellant, and they are not in conflict with those cases holding that where a proper beneficiary has been designated and the beneficiary has advanced the member money upon the faith of the certificate or paid dues and assessments thereon, the fraudulent change of the certificate without the knowledge of the beneficiary will not be permitted to defeat the right of the beneficiary named in the original certificate on the ground that such beneficiary has acquired a beneficial interest which may be enforced in a court of equity. *McGrew* v. *McGrew,* 190 Ill. 604; *Royal Arcanum* v. *Tracy,* 169 id. 123.

We cannot agree with the contention of counsel that by filing its bill in this case the Royal Arcanum waived all defense it had against the payment of the money to appellant and that appellee is precluded from making any claim for the money, on the ground that she is in no position to interpose any defense against the payment to the appellant

waived by the Royal Arcanum. Under section 330 of the by-laws above quoted it is provided that if any designation of a beneficiary fails, for illegality or otherwise, the benefit shall be payable to the person or persons mentioned in clause 1 of section 324, if living, in the shares and order of precedence by grades, as therein enumerated. The first grade mentioned in section 324 is "member's wife." Appellee stood in that relation to James H. Little at the time of his death, and if, as we hold to be the case, the designation of the beneficiary failed for illegality she was entitled to the fund. In such case the willingness of the society to pay the money to either one of the claimants, and the filing of its bill asking the court to determine which of them is entitled to it, could not deprive her of her right to claim the fund. It is probably true that where the fund lapses on the failure of the designation of a proper beneficiary and there is no provision for the payment of the benefit to any-one else, no one but the society could raise the question of its liability to a person named as beneficiary but who does not come within any of the classes authorized to be so named. This question was raised in *Parke* v. *Welch,* 33 Ill. App. 188, where it was held that the rule contended for had no application to a case where provision is made for the payment of the fund to someone else upon a failure to designate an authorized beneficiary. In that case the certificate was payable to a beneficiary described as the member's affianced wife. There was no provision authorizing the designation of such person as beneficiary and the member died without having married the person named. She claimed the fund and it was also claimed by the brothers of the deceased member, who were his next of kin and only heirs. The Royal Arcanum filed its bill of interpleader and paid the money into court, the same as it has done in this case. The principal question discussed in the opinion of the court is the contention of the designated beneficiary that the society having admitted its liability by bringing its

money into court, it could only be paid to the person named in the certificate. That court, in an opinion by Moran, J., in which the question was fully discussed, held adversely to that contention and that the brothers of the deceased member were entitled to the fund. An appeal was prosecuted from the judgment of the Appellate Court to this court, and the case will be found reported as *Palmer* v. *Welch,* 132 Ill. 141. While the particular question mentioned is not discussed in the opinion of this court it is apparent that it was urged here, and as the judgment of the Appellate Court was affirmed by this court it must follow that this court agreed with the Appellate Court's view of the law. The rights of the parties were fixed by the rules and laws governing the Royal Arcanum, and by filing its bill and paying the money into court it did no more than to ask to be relieved of litigating with the contending claimants which of them was entitled to the fund. It acknowledged its liability to one of them and asked the court to require them to litigate their respective claims between themselves. It was a proper case for an interpleader and for invoking the aid of the court to determine to which of the contending claimants it was liable. In *Farrenkoph* v. *Holm,* 237 Ill. 94, this court referred to *Tepper* v. *Royal Arcanum,* 61 N. J. Eq. 638, and other cases, as holding that a misdescription of a beneficiary, if material, can be taken advantage of only by the society, and cannot be availed of by a rival claimant of the fund. This court had under consideration in that case the right of the designated beneficiary to the fund, who was described as "cousin," but who was, in fact, the affianced wife of the member of the society, and the officer of the local lodge was informed of this and agreed to the description as cousin when the application was made. The beneficiary was competent to be named as such, and the question here discussed was not involved in that case.

In one respect, however, we are of opinion the judgment of the Appellate Court and decree of the circuit court were erroneous. The proof shows that James H. Little, on account of his financial condition, was unable to pay the dues and assessments on his certificate and that he so notified appellant, and informed her if she would pay them and keep the certificate alive, on his death she would receive the money therein agreed to be paid. In pursuance of this understanding the appellant testifies she thereafter paid all dues and assessments up to the death of Little, aggregating about $300. By the decree of the circuit court and judgment of the Appellate Court the entire amount of the certificate is awarded to appellee and nothing is allowed the appellant to reimburse her for the payments of dues and assessments made by her and but for which the certificate would have become forfeited. We think, under the decisions of this court, some of which are above cited, appellant has such an equitable interest in the fund that she is entitled to be reimbursed for the payments made by her, together with interest thereon at five per cent. This is a proceeding in equity, and it would seem most unconscionable to allow appellee to take the whole fund, when it is remembered that there would have been no fund at all for her but for the payments made by appellant. We do not think the statute of Massachusetts that "no contract under this act shall be valid or legal which shall be conditioned upon an agreement or understanding that the beneficiary shall pay the dues and assessments, or either of them, for said member," precludes appellant from recovering in this action the dues and assessments actually paid by her to keep the certificate alive. That provision might be invoked by the society against a beneficiary who had paid the dues and assessments under an agreement with a member, but it can not be availed of by appellee.

The proof of the amounts and dates of payments made by appellant not being clear, no judgment can be entered in

this court, but the judgment of the Appellate Court and the decree of the circuit court will be reversed and the cause remanded to the circuit court, with directions to ascertain the amounts and dates of payments made by appellant on dues and assessments and enter a decree in her favor for said sum, together with five per cent interest thereon from the date of the payments, to be paid out of the fund deposited in the court by the Royal Arcanum, and decree to appellee the residue of said fund.

*Reversed and remanded, with directions.*