THE GRAND LODGE OF ANCIENT ORDER OF UNITED WORK-
MEN OF ILLINOIS *vs.* JOHN F. EHLMAN *et al.*—(JOHN
F. EHLMAN, Appellant, *vs.* JOSEPHINE CRAIN SANDERS,
Appellee.)

*Opinion filed October 28, 1910.*

1. APPEALS AND ERRORS—*no seal to a certificate of evidence is
required.* If the trial judge approves and signs a document pre-
pared by the court reporter purporting to contain all the evidence
heard in a chancery cause the evidence is preserved as a part of
the record, even though the document is informal and has no seal.

2. BENEFIT SOCIETIES—*person not of eligible class cannot take
as beneficiary.* A person who is not eligible as a beneficiary under
the statute is not entitled to the fund even though named as bene-
ficiary, and in such case the heirs of the deceased member are en-
titled to the fund.

3. SAME—*fact that beneficiary is not eligible is not an objection
such as the society alone can raise.* The fact that the beneficiary
named in a certificate is not eligible is not an objection such as the
society alone can raise, as the rights of the parties are fixed by
law and are not affected by the action of the society in filing a
bill of interpleader to determine conflicting claims.

4. SAME—*voluntary payments of dues by third person create no
debt.* Voluntary payments by a third person of dues or assess-
ments on a benefit certificate create no debt either against the mem-
ber or the beneficiary, and even if a debt were created the money
due on the certificate could not, under the act of 1893 relating to
fraternal beneficiary societies, be appropriated, by any legal or equi-
table process, to its payment.

5. SAME—*when reimbursement for dues or assessments may be
made.* The only case in which reimbursement out of the proceeds
of a benefit certificate for dues or assessments paid on the certifi-
cate may be made is where such payments are made by a person
named as beneficiary, with the expectation of receiving the fund
itself, but who is, in fact, not eligible as a beneficiary.

APPEAL from the Appellate Court for the Fourth Dis-
trict;—heard in that court on appeal from the Circuit Court
of Alexander county; the Hon. WILLIAM N. BUTLER,
Judge, presiding.

ANGUS LEEK, for appellant.

GORDON & DETRICH, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The Grand Lodge of Ancient Order of United Workmen of Illinois, a fraternal beneficiary society organized under the laws of Illinois, filed in the circuit court of Alexander county a bill of interpleader showing that Joseph C. Crain, a member of the society, died September 29, 1906, holding a beneficiary certificate payable, according to its terms, to his brother-in-law, John F. Ehlman; that the society had in its possession $2000 for the payment of the certificate, but that the said John F. Ehlman and one Josephine Crain Sanders, who claimed to be the daughter of Joseph C. Crain, had each demanded payment thereof; that the society was ready to pay the money to the person entitled to receive it, and praying that the said John F. Ehlman and Josephine Crain Sanders be required to interplead, and that the society be allowed to bring the money into court to be paid to the person adjudged by the court to be entitled to it. The defendants having answered the bill, the society paid the money into court, a hearing was had and the court awarded the fund to the appellant, John F. Ehlman. The Appellate Court reversed the decree on the appeal of Josephine Crane Sanders and awarded the fund to her, except $13.35 awarded to Ehlman, who brings the case here by appeal, having obtained a certificate of importance from the judges of the Appellate Court.

Joseph C. Crain was married in 1893 to Josephine Fischer, who died in June, 1906, leaving no issue. Josephine Crain Sanders, the appellee, is his daughter by a prior marriage. He became a member of the Ancient Order of United Workmen in April, 1895, at the instance of his wife's brother, Jacob Fischer, who paid the initiation fee and other expenses incident to joining the order and

obtaining the beneficiary certificate for $2000 which was issued, payable to Josephine C. Crain, Joseph's wife. For the first seven and one-sixth years the certificate was in force Rachel Fischer, Mrs. Crain's mother, paid all the dues. For the next four years, and until Mrs. Crain's death, the appellant, who was the husband of Mrs. Crain's sister, paid all the dues. Upon Mrs. Crain's death Joseph C. Crain surrendered his certificate to the society, and at his request a new certificate was issued payable to the appellant, which was the certificate in force at the time of Joseph C. Crain's death. The amount paid by Mrs. Fischer on the old certificate was $301; the amount paid by appellant on that certificate was $178.51. Appellant paid all the dues which accrued on the new certificate, amounting to $13.35. Rachel Fischer filed an intervening petition seeking reimbursement for the amount paid by her, with interest.

The appellant insists that we cannot inquire into the facts further than as they are found by the decree, because, he says, there is not a sufficient certificate of evidence in the record. The record shows that there was filed in the cause a document entitled of the court and term and in the cause, stating: "The following evidence was heard on behalf of the defendant, plaintiff, Josephine Crain Sanders." Then follows the testimony of witnesses and documentary evidence on behalf of the respective parties, together with objections of counsel and rulings by the court. At the conclusion appears the following statement: "This was all the evidence offered in the case, both on the part of the plaintiff and the defendant." Then appears the signature "Geo. W. Ballance, Reporter," and after that are these words: "April 5, 1909.—Approved, Wm. N. Butler, Judge." This certificate is informal, but in approving and signing the statement and certificate that the evidence was heard in the cause and was all the evidence offered, the judge did everything that was essential to preserve the

evidence as a part of the record. No seal is required to a certificate of evidence.

The act of 1893 for the organization of fraternal beneficiary societies limits the persons to whom payment of death benefits may be made, to the families, heirs, blood relatives, affianced husband or affianced wife of, or persons dependent upon, the member. The appellant, though named as beneficiary, being outside the classes designated by the statute as eligible to that relation, is not entitled to take the fund, but the appellee, being the only heir, is eligible as a beneficiary and is entitled to the fund. (*Murphy* v. *Nowak*, 223 Ill. 301.) The fact that the appellant does not belong to any eligible class is not an objection which the society alone can raise. The rights of the respective parties to the fund are fixed by law, and are not affected by the action of the society in bringing the money into court in order to be relieved of litigation because of conflicting claims to it. *Royal Arcanum* v. *McKnight*, 238 Ill. 349.

It is insisted that the court should have required the payments made by the appellant and Mrs. Fischer on account of the first certificate to be re-paid to them out of the fund. Those payments were made in the lifetime of Josephine C. Crain, the wife of Joseph C. Crain, the daughter of Mrs. Fischer and the sister-in-law of appellant, upon a certificate in which she was named as the beneficiary. So far as appears they were entirely voluntary, and they created no debt on the part either of Joseph C. Crain or Josephine C. Crain. Had such a debt been created, the money payable on the certificate could not, under the law of the society's organization, have been appropriated, by any legal or equitable process, to its payment. In the cases in which reimbursement of dues or assessments paid has been allowed out of the amount of a beneficiary certificate, such payments have been made by a person named as a

beneficiary with the expectation of receiving the fund itself, when, in fact, the person so named was not eligible as beneficiary. (*Royal Arcanum* v. *Tracy,* 169 Ill. 123; *Mc-Grew* v. *McGrew,* 190 id. 604; *Royal Arcanum* v. *Mc-Knight,, supra.*) The dues paid in Mrs. Crain's lifetime were apparently paid on account of her family relation as daughter and sister-in-law, with no expectation of reimbursement unless she should collect the benefit and voluntarily re-pay the sums so paid. The dues paid on the new certificate issued after Mrs. Crain's death, in which appellant was named as beneficiary, are within the rule established by the cases last cited, and the Appellate Court properly directed that they should be paid to appellant out of the fund, with interest.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*