## Green v. Knights and Ladies of Security, et al.

(Decided March 16, 1912.)

### Appeal from Grayson Circuit Court.

Insurance—Fraternal Society—Beneficiary—Wife—Divorce.—In the case of fraternal societies, the right of the beneficiary to the proceeds of the certificate depends upon the relationship sustained by the beneficiary to the member at the time of his death, unless the charter and by-laws of the society otherwise provide, and the right of the wife who is designated as the beneficiary in the certificate to the proceeds thereof is defeated by an absolute divorce.

CHAS. P. JOHNSON, JOHN M. CAMPBELL for appellant.

J. C. GRAHAM, C. V. HIGDON and O'DOHERTY & YONTZ for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

At the time of his death, Joseph T. Green was a member in good standing of the Knights and Ladies of Se-

curity, a fraternal insurance society. On June 12, 1900, the society issued to him a benefit certificate for $1,000, wherein it agreed, upon his death, to pay to Nancy K. Green, bearing the relationship of wife, the sum of $1,000. During the month of January, 1910, Nancy K. Green obtained a divorce from Joseph T. Green. About seven months later, Joseph T. Green died.

Martha J. Green, the mother of the decedent, brought this action against the Knights and Ladies of Security and Nancy K. Green to recover on the certificate. She alleged that the decedent had no other heirs or relatives to whom the benefit was payable except herself, and charged that Nancy K. Green, by reason of the divorce, forfeited her right to the benefit. The society paid the money into court to abide the result of the suit. Nancy K. Green filed an answer denying Martha J. Green's right to the proceeds of the certificate, and alleged affirmatively that while she and Joseph T. Green were divorced, the divorce was obtained only after he had persevered in a course of cruel conduct toward her, and that after the divorce was obtained he indicated a purpose to reform, and there arose between them a tacit understanding that if he mended his ways they would re-marry, and for this reason he refused to designate a new beneficiary, and died leaving the certificate payable to her.

In the case of Nancy K. Green v. Martha J. Green, this day decided, and reported in 147 Ky., 608, we held that in case of fraternal societies, the right of the beneficiary to the proceeds of the benefit certificate depends upon the relationship sustained by the beneficiary at the time of the member's death, and, unless otherwise provided by the contract or the charter and by-laws of the society, the right of the wife who is designated as the beneficiary in the certificate to the proceeds is defeated by the absolute divorce. The reason for the rule is that such societies are organized for the benefit of the members' families and those dependent upon them; and to permit the benefit to be paid to one who did not sustain such relation at the time of the member's death would defeat the purpose of the society. We, therefore, conclude that appellant, the mother of the deceased member, is entitled to the proceeds of the certificate, and not appellee, his divorced wife.

Judgment reversed, and cause remanded, with directions to enter judgment in conformity with this opinion.