ETTA GIFFIN, APPELLANT, v. GRAND LODGE, A. O. U. W., ET AL., APPELLEES.

FILED MARCH 18, 1916. No. 18656.

1. **Insurance:** BENEFICIARY: DIVORCEE. A wife named as beneficiary in a fraternal benefit certificate, who thereafter procures an absolute divorce, without accruing alimony, forfeits her rights to such benefits where the law of the state or the by-laws of the society restrict the payment of its benefits to the families, heirs, blood relations, affianced wife, or persons dependent upon the member.

2. **Interpleader:** ACTION ON BENEFIT CERTIFICATE. The act of a fraternal society in filing a bill of interpleader to determine conflicting claims is proper, and cannot prejudice the rights of claimants, when the same are fixed by law.

APPEAL from the district court for Buffalo county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*Thomas F. Hamer* and *J. M. Easterling*, for appellant.

*H. M. Sinclair* and *W. D. Oldham*, contra.

MARTIN, C.

Thomas Coppinger was a member in good standing of the Grand Lodge of Ancient Order of United Workmen, a fraternal insurance society, organized under the laws of this state. On the 25th day of June, 1901, the society through its subordinate lodge at Gibbon, Nebraska, issued to him a certificate for $1,000, wherein the plaintiff, then his wife, was named as beneficiary. On August 25, 1912, the plaintiff obtained an absolute divorce from said Thomas Coppinger, and on the 4th day of March, 1913, said Coppinger died. No change of beneficiary was made in the benefit certificate after the plaintiff procured her divorce. She brought this action against the society to recover the amount of the benefit certificate. The defendant society paid the amount of this benefit certificate into court on an order of interpleader granted on its own showing and motion. The interpleaded defendants are the sisters and brother of said Thomas Coppinger, deceased. The interpleaded defendants had judgment for the amount of the benefit certificate less the sum of $130.40, which it was shown that plaintiff had paid as dues upon the said certificate. The plaintiff was allowed an equitable lien upon the benefit certificate fund for the amount expended by her in keeping the benefit certificate in force. From that decision the plaintiff is here on appeal.

Thus it appears that the controversy here is between the divorced wife and the heirs of the insured. The contract of the parties is made up of the benefit certificate, the by-laws and constitution of the society, and the laws of the state under which said society is organized. Authorities need not be cited to the point that all these are elements which constitute the contract as a whole. The insured and the insuring society are alike bound by

them.   Nor need cases be presented to support the well-established proposition that in benefit societies the beneficiary at the time of the issuance of the certificate acquires no vested interest therein, but that the same is simply an expectancy.

Section 96 of the laws of said society is as follows: "Each member shall designate the person or persons to whom the beneficiary fund due at his death shall be paid, who shall in every instance be one or more members of his family or some one related to him by blood, or his affianced wife."

This section was strictly complied with by the designation of the member's wife as his beneficiary.   Under the doctrine laid down by some of the authorities that a designation of beneficiary valid in its inception remains so, we might be called upon to reverse this case, if it were not for the laws of said society and the statutory law of the state relating to such subject.   Section 98 of the laws of said society provides that, if the beneficiary named in the certificate shall die during the lifetime of the member and the member shall have made no other direction, the benefit shall be paid to his widow, and, in case he leaves no widow surviving him, then said benefit shall be paid to his children or blood relatives, etc.   It is argued that the only contingency provided for in this section is the death of the beneficiary during the life of the member, and that divorce is not death.   This section fixes the order of payment, and it should be construed in a way to effectuate the intention of the society.   When the law severs the bonds of matrimony, the relationship of husband and wife is broken as effectually as if death had removed one of the parties.

Section 3298, Rev. St. 1913, is as follows: "Payment of death benefits shall only be made to the families, heirs, blood relations, affianced husband or affianced wife of, or to persons dependent upon the member."

Said sections of the society are clearly a limitation upon the insured, and require him to designate as his benefi-

Giffin v. Grand Lodge, A. O. U. W.

ciary some one related to him as in the said sections provided, and to whom the beneficiary fund due at his death shall, and can, be paid. These provisions of the society's laws and the section of the state law referred to are a prohibition against the payment of any certificate by the society to any person who does not belong to those classes or bear such relationship to the insured at the time of his death. .A former wife who secured an absolute divorce from the insured without accruing alimony does not come within such classes or bear such relationship, consequently she is not qualified or eligible to receive benefits from this society.

"A person who is not eligible as a beneficiary under the statute is not entitled to the fund even though named as beneficiary, and in such case the heirs of the deceased member are entitled to the fund." *Grand Lodge, A. O. U. W., v. Ehlman,* 246 Ill. 555.

It is evident from the laws of this order that its object is to provide benefits for the families or dependent ones of its members. To permit such benefits to be paid to persons who do not sustain the prescribed relationship to the insured at the time of his death would surely thwart the purpose of the organization. *Kirkpatrick v. Modern Woodman of America,* 103 Ill. App. 468; *Green v. Green,* 147 Ky. 608, 39 L. R. A. n. s. 370; *Green v. Knights & Ladies of Security,* 147 Ky. 614; *Knights of Columbus v. Rowe,* 70 Conn. 545; *Larkin v. Knights of Columbus,* 188 Mass. 22.

In the case of *Dunmore v. Modern Woodmen of America,* No. 18598 (decided by commission and findings of fact journalized but not published) we held that a "wife named as beneficiary in a fraternal benefit certificate, who thereafter procures an absolute divorce, forfeits her rights to such benefits where the by-laws of the society restrict the payment of its benefits to the wife, surviving child, heir, blood relative, or person dependent upon, or member of the family of the insured, at the time of his death." In the foregoing case the by-laws of the society

restricted payment to persons sustaining certain relationships to the insured, whereas in the instant case the statute makes such restriction.

Under the prohibition of the statute, the divorce obtained by the plaintiff from the insured operated to revoke the designation of her as a beneficiary in the certificate, and to substitute in her place those next specified under the by-laws of the order and the law of the state, which persons in this case are the interpleaded defendants.

The contention on the part of the plaintiff that objection to the ineligibility of the beneficiary named in the benefit certificate can be raised by the society alone is not in accord with the better reasoned cases, as we view them. The society simply pays the money into court on the order of the court, and asks to be relieved from litigating, as between two sets of claimants. The aid of the court is invoked to determine which of the claimants is entitled to the fund. This we understand to be a proper case for interpleader. The statute of this state prohibiting payment to anyone not belonging to the classes therein designated fixes the rights of the parties. This being true, claimants in good faith under the laws of the state and those of the society cannot be prejudiced by the act of the society in asking the court to determine their rights.

"The fact that the beneficiary named in a certificate is not eligible is not an objection such as the society alone can raise, as the rights of the parties are fixed by law and are not affected by the action of the society in filing a bill of interpleader to determine conflicting claims." *Grand Lodge, A. O. U. W., v. Ehlman,* 246 Ill. 555; *Supreme Council of Royal Arcanum v. McKnight,* 238 Ill. 349. It follows that the judgment should be affirmed.

BY THE COURT.    For the reasons stated in the foregoing opinion, the judgment of the district court is affirmed, and this opinion is adopted by and made the opinion of the court.

AFFIRMED.