[Civil No. 2858.  Filed March 10, 1930.]

[285 Pac. 682.]

EDNA  CLARK  DAY, Appellant,  v.  MARIE  M. CLARK, Appellee.

Mr. John L. Sweeney and Mr. P. A. Sawyer, for Appellant.

Mr. Levi S. Udall, for Appellee.

LOCKWOOD, C. J.—On the ninth day of June, 1923, the Supreme Lodge Knights of Pythias, a corporation, hereinafter called the insurer, issued its policy in the sum of $1,000 to Leonard M. Clark, hereinafter called deceased, by the terms of which Edna Clark Day, his then wife, hereinafter called appellant, was named as beneficiary.  Deceased and ap-

pellant lived together as husband and wife until October 29th, 1927, at which time they were divorced. He thereafter married Marie M. Clark, hereinafter called appellee, who was his wife at the time of his death on January 17th, 1928. No effort was made during his lifetime to change the beneficiary under said policy. Appellee brought suit against appellant and the insurer, claiming the proceeds of said policy and setting up the facts as above stated. The insurer answered by an interpleader alleging it had no interest in the matter other than to pay the thousand dollars into court, and asked that the court determine who was entitled to said money, and that it be discharged from further liability. On April 26th, appellant and appellee entered into a stipulation of facts which set forth in substance the matters above recited, and on these facts the court rendered judgment against the appellant and in favor of appellee, from which judgment this appeal is taken.

There are four assignments of error which raise two questions of law: First, did the divorce of deceased and appellant divest her of her right to take the proceeds of said policy, notwithstanding her designation as beneficiary was never changed? Second, if she were so disqualified, can anyone except the insurer raise the question? The by-laws of the insurer provided that all contracts of insurance should be made with reference to the laws of the state wherein the insurer's head office was located, regardless of the place of residence of its members, and were to be controlled by the laws of such state. It is admitted the head office of the insurer was located in the state of Indiana, and that the contract of insurance by its terms was to be governed by the laws of that state. That law, so far as applicable to the point in question, reads as follows:

"The payment of death benefits shall be confined to wife, husband, fiancee, relative by blood to the

fourth degree, father-in-law, mother-in-law, son-in-law, daughter-in-law, stepfather, stepmother, step-children by legal adoption, or to a person or persons dependent upon the member: Provided, That if after the issuance of the original certificate the member shall become dependent upon an incorporated charitable institution, he shall have the privilege with the consent of the society, to make such institution his beneficiary. Within the above restrictions each member shall have the right to designate his beneficiary, and from time to time, have the same changed in accordance with the laws, rules or regulations of the society, and no beneficiary shall have or obtain any vested interest in the said benefit until the same has become due and payable upon the death of the said member: Provided, That any society may, by its laws, limit the scope of beneficiaries within the above classes." Burns' Ann. St. Supp. Ind. 1921, p. 574.

The Arizona statute on the same subject is in almost precisely the same language. It is urged on behalf of the appellant that the provision "the payment of death benefits shall be confined to wife" is satisfied if at the time of the naming of the beneficiary she came within that category, and that her ceasing later to be the wife of deceased does not destroy her right to recover on the policy. In support of such position, counsel for appellant cites the cases of *Sheehan* v. *Journeymen Butchers' P. & Ben. Assn.*, 142 Cal. 489, 76 Pac. 238; *Courtois* v. *Grand Lodge A. O. U. W.*, 135 Cal. 552, 87 Am. St. Rep. 137, 67 Pac. 970; *Walden* v. *McCollum*, 172 Ark. 291, 288 S. W. 386; *White* v. *Brotherhood of American Yeomen*, 124 Iowa 293, 104 Am. St. Rep. 323, 2 Ann. Cas. 350, 66 L. R. A. 164, 99 N. W. 1071. Counsel for appellee, on the other hand, urges that in all the states from which the cases cited by counsel for appellant are taken, the statute provided only for a limitation of the relationship of the beneficiary at the time when the certificate was issued and did not limit payment, as in the case of the Indiana statute, to

those who occupied such relation at the time of death. The case of *Smith* v. *Travelers' Protective Assn.*, 319 Mo. 1120, 6 S. W. (2d) 870, reviews the authorities and points out the difference between cases where the statute or by-law regulating the relationship of the beneficiary refers to the issuance of the certificate, and where it limits the payment of death benefits. Under the first situation, it is very generally held that if the beneficiary is properly qualified when the policy issues, he need not be so at the time of death. *Curtois* v. *Grand Lodge A. O. U. W., supra; White* v. *Brotherhood of American Yoemen, supra; Overhiser* v. *Overhiser,* 14 Colo. App. 1, 59 Pac. 75; *Brown* v. *Grand Lodge A. O. U. W.,* 208 Pa. 101, 57 Atl. 176; *Snyder* v. *Supreme Ruler of the Fraternal Mystic Circle,* 122 Tenn. 248, 45 L. R. A. (N. S.) 209, 122 S. W. 981. Under the second provision, the relationship at death fixes the rights of the beneficiary. *Tyler* v. *Odd-Fellows' Mut. Relief Assn.,* 145 Mass. 134, 13 N. E. 360; *Bush* v. *Modern Woodmen of America,* 182 Iowa 515, 152 N. W. 31, 162 N. W. 59; *Giffen* v. *Grand Lodge, A. O. U. W.,* 99 Neb. 589, L. R. A. 1916D 1168, 157 N. W. 113; *Thomas* v. *Locomotive Engineers' Mutual L. & Acc. Ins. Assn.,* 191 Iowa 1152, 15 A. L. R. 1240, 183 N. W. 628.

The last-cited case discusses the precise question at issue, collating the authorities, and holds that where the statute confines the payment of death benefits to certain classes in which she is not included, a divorced wife cannot take under the policy. We are of the opinion the difference is based on sound reason and authority, and the Indiana statute which governs the contract, as well as the Arizona statute in the state of the forum, both are limitations on the right to take the benefits and not merely on the original naming of the beneficiary. We hold, there-

fore, that appellant is not entitled to recover on the policy.

The second contention is that no one except the insurer can raise the point, and that it not having done so in the present action, appellee may not present it. In support of this proposition, counsel for appellant cites the case of *Gristy* v. *Hudgens,* 23 Ariz. 339, 203 Pac. 569, 571. Therein, it is true, this court stated as follows:

"The general rule of law is that, even where the insured is limited by *statute,* by the common law, or by the charter or laws of the society in his right to designate a beneficiary, no one but the association or insurer can question the eligibility of the person named. In this case the insurer has not questioned the right of William W. Gristy to name Jessie May Hudgens as his beneficiary, but has paid the proceeds of the certificate, amounting to $769.10, into court, and expressed its willingness to abide by the final judgment of the court. This rule of law is sustained by the following authorities: *Johnson* v. *Sup. Lodge, K. H.,* 53 Ark. 255, 8 L. R. A. 732, 13 S. W. 794; *Johnson* v. *Van Epps,* 110 Ill. 551; *Peek* v. *Peek,* 101 Ky. 423, 41 S. W. 434; *Finch* v. *Grand Grove, U. A. O. D.,* 60 Minn. 308, 62 N. W. 384; *Coulson* v. *Flynn,* 181 N. Y. 62, 73 N. E. 507; *Starr* v. *Knights of Mac.,* 27 Ohio Cir. Cit. R. 475; *Shoales* v. *Ord. of Sparta,* 206 Pa. 11, 55 Atl. 766; *Taylor* v. *Hair,* (C. C.) 112 Fed. 913." (Italics ours.)

On reconsideration, we are of the opinion that the rule as stated by us in the case cited was too broad, and that where the limitation is imposed by statute the question may be raised by any interested party. *Grand Lodge A. O. U. W.* v. *Ehlman,* 246 Ill. 555, 92 N. E. 962; *Giffin* v. *Grand Lodge A. O. U. W., supra.* This is true as a matter of principle. When any limitation is placed upon a contract by the parties thereto, it is but reasonable that only those who are parties to the restriction may invoke its benefit; but where the rule is a statutory one, declaring a public

policy, it is almost universally held that the provisions of such a statute are part of every contract, and the court will not allow a waiver thereof, but will take notice of them of its own motion. As was said in *Camp* v. *Bruce,* 96 Va. 521, 70 Am. St. Rep. 873, 43 L. R. A. 146, 31 S. E. 901:

"The law refuses to enforce illegal contracts, as a rule, not out of regard for the party objecting, nor from any wish to protect his interests, but from reasons of public policy. Whenever, therefore, the illegality of the contract appears, whether alleged in the pleadings or made known for the first time in the evidence, it is fatal to the case. That defect cannot be gotten rid of either by failure to plead it or by agreeing to waive it in the most solemn manner. The law will not enforce contracts founded in its violation." See, also, 13 Corpus Juris, 507.

If this be true of contracts in general, we see no reason why an exception should be made as to insurance policies. The rule above quoted in *Gristy* v. *Hudgens* is expressly disapproved so far as regulations made by statute are concerned.

It appearing to us that the decision of the trial court was in all respects in accordance with the facts as stipulated and the law properly applied to the case, the judgment is affirmed.

McALISTER and ROSS, JJ., concur.