[S. F. No. 2803.    Department Two.—February 21, 1902.]

ANNIE COURTOIS et al., Respondents, v. GRAND LODGE OF ANCIENT ORDER OF UNITED WORKMEN OF CALIFORNIA, and MARIUS J. COURTOIS, Respondents. EMILIE ETIENNE, Intervener, Appellant.

BENEFIT SOCIETY—CERTIFICATE—DIVORCED WIFE NAMED AS BENEFICIARY—REMARRIAGE—DEATH WITHOUT CHANGE OF BENEFICIARY.— Where a member of the Ancient Order of United Workmen, to whom was issued a beneficiary certificate, had designated his wife as beneficiary thereof, in accordance with the rules of the order, and she subsequently obtained a divorce from him, after which he remarried and had children by his second wife, but died without having changed the beneficiary certificate, the divorced wife is entitled, as the beneficiary named in the certificate, to recover the amount thereof, to the exclusion of the second wife and his children by her.

ID.—CONSTRUCTION OF LAWS OF ORDER—RELATIONSHIP OF MEMBER TO BENEFICIARY—REFERENCE TO DATE OF CERTIFICATE.—Where the laws of the order provided that, upon the death of a full-rate member, "such person or persons as said member may have directed while living" shall be entitled to the beneficiary fund, and, also, that the beneficiary so designated by the member, and named in the certificate, "shall in every instance be one or more members of his family, or some one related to him or dependent upon him," the latter provision is to be construed as referring to the relationship at the date of the certificate; and the designation of a beneficiary which was valid in its inception remains so, notwithstanding the relationship of the member to the beneficiary has ceased, where it is not otherwise expressly stipulated in the contract or in the rules of the order.

Id.—Order not Authorized to Designate Beneficiary—Provision for
Death.—Divorce not Included.—Where the only provision for the
designation of a beneficiary was by the member, and the by-laws
vested in the designated beneficiary the right to the money imme-
diately upon the death of the member, and gave no authority to
the order to designate a beneficiary, but merely provided that in
case of the death of the beneficiary before the death of the member,
and of his failure to designate another beneficiary, the fund should
go to his heirs at law, a provision for the case of divorce is not
included, and the order cannot in such case pay the beneficiary cer-
tificate to the heirs of the deceased member.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco.   John Hunt, Judge.

The facts are stated in the opinion.

T. C. Kierulff, for Appellant.

Louis Titus, William J. Hayes, and William H. Jordan,
for Respondents.

HAYNES, C.—Gonzague M. V. Courtois was in his lifetime
a member of the Ancient Order of United Workmen, and
while such member there was issued to him a beneficiary cer-
tificate in the sum of two thousand dollars, in which Emilie
Courtois, then his wife, was named as the beneficiary.

Said Emilie afterwards procured a divorce from her said
husband, but without any provision for her support, and
was permitted to resume her former name of Emilie Etienne.
Said G. M. V. Courtois afterwards married the plaintiff
Annie, and on January 7, 1900, died, without having in any
manner changed the designation of the beneficiary of said
certificate.   Said Annie (the widow) and certain of the
children of said Courtois brought this action against the
defendant the grand lodge to recover two thousand dollars,
the benefit named in said certificate, and made Marius J.
Courtois, a son of said Courtois, a defendant, he having
refused to become a plaintiff.   Said Emilie, the beneficiary
therein named, not having been made a party, filed her com-
plaint as intervener, and prayed judgment for the sum
named in said certificate.

The defendant the grand lodge answered the complaint,
alleging its willingness to pay said sum of two thousand

dollars to the heirs of the deceased member, as soon as they could be determined, "and it can be freed from the claim of the intervener," Emilie Etienne, and asked permission to pay the money into court until the court should determine who were the heirs, and what were the rights of said Emilie. No order was made in that regard, however, nor has the grand lodge appealed. The answer of the grand lodge to the intervener's complaint alleged that the "intervener has no right, title, or interest in said fund, or any portion thereof," and fully answered her complaint.

The plaintiffs had judgment against the grand lodge upon said beneficiary certificate, the complaint in intervention was dismissed, and the intervener appeals.

There is no controversy as to the relationship of the several parties to the deceased member, and an agreed statement sets out all of the provisions of the constitution and by-laws of the order so far as necessary to be considered, and it is conceded that such certificates are issued subject to, and are to be construed and controlled by, the laws of the order.

Said constitution and laws provide that upon the death of a full-rate member "such person or persons as said member may have directed while living shall be entitled to have from the beneficiary fund of the order the sum of $2,000." In this case Courtois, the member, designated as the beneficiary "Emilie Courtois, bearing to him the relation of wife."

The laws of the order require that the beneficiary so designated by the member and named in the certificate "shall in every instance be one or more members of his family, or some one related to him by blood, or who shall be dependent upon him." It is, however, in the power of the member at any time to change the beneficiary. It is also provided that if one or more of the beneficiaries die during the lifetime of the member, the survivor or survivors shall be entitled to the benefit equally, unless otherwise provided in the certificate; and if all shall die during the lifetime of the member, and he shall have made no other direction, the benefit shall be paid to his heirs at law.

It is not questioned that appellant was a competent beneficiary at the time the certificate was issued, nor that she would now be entitled to the benefit named but for the divorce. But did the divorce, under the facts here existing, deprive

appellant of the benefit provided in said certificate? I think not.

The certificate created a valid contract, upon a sufficient consideration, with the member to whom it issued. The grand lodge promised to pay to the beneficiary therein named, or to such person or persons as said member may have directed while living, upon the death of the member, two thousand dollars. The grand lodge reserved no power in any contingency to substitute any other person as beneficiary during her life. It provided by a by-law that in case of her death, if the member failed to appoint another beneficiary during his lifetime, the benefit should be paid to his heirs at law. The *death* of the beneficiary was thus provided against, but no other contingency; and in no other contingency than the death of the beneficiary and the failure of the member to appoint another are the heirs at law entitled to the benefit. Death and divorce are not synonymous, and we cannot read into the contract the one in place of the other. The certificate, or the constitution and laws of the order, might have provided that in case of the wife being named as the beneficiary a divorce should have the same effect as her death upon the disposition of the money. But it is not so provided.

Respondent contends, however, that the by-law which provides that "each person shall designate the person or persons to whom the beneficiary fund due at his death shall be paid, who shall in every instance be one or more members of his family, or some one related to him by blood, or who shall be dependent upon him," excludes the intervener from a recovery. This by-law relates to the designation of a beneficiary when he becomes a member of the order and applies for a beneficiary certificate; but there is no provision by which the grand lodge or any of its officers can revoke the certificate in case an authorized beneficiary becomes disqualified as an original appointee by some subsequent act or event. Suppose the beneficiary named in the certificate was at that time a "dependent" upon the member, and had ceased to be such dependent,—a case likely to occur,—and no other person had been substituted by the member as the beneficiary, will it be contended that upon the death of the member he would not be entitled to the benefit named in the certificate? The evident policy of the order is, that the beneficiary named

in the certificate when it issues shall be at that time of the class designated in said by-law, but beyond that it reserves no control, and makes no provision by which it may make or compel a new designation of a beneficiary, or by which it may itself appoint a beneficiary or cancel the certificate.

It is further contended that, as the by-laws are made part of the contract, it follows that the appellant never had any vested interest in this fund. The by-laws provide that the members themselves have no individual property right in the fund from which benefits are paid; that "it does not constitute a part of their estates to be administered upon, nor have they any right in or control over the same, except the power to designate the person or persons to whom, as beneficiaries, the same shall be paid at the death of the member. The beneficiaries thus designated have no vested rights in said sum *until the death of the member* gives such right; and the designation may be changed by the member in the method prescribed by the laws of the order at any time before his death."

This by-law *vests* in the designated beneficiary the right to the money immediately upon the death of the member; but up to the time of his death he may change the designation of the beneficiary, and this power is exclusive; and as the right to the benefit immediately vests in the designated beneficiary upon the death of the member, by force of the by-law just quoted, no subsequent act or resolution of the order can divest it, or devote it to the use of another. In *McLaughlin* v. *McLaughlin*, 104 Cal. 177,[1] it is said: "The general and prevailing rule, as shown by these decisions, is, that when the laws of a benefit society prescribe a mode of changing the beneficiary, the mode prescribed must be followed, and no change can be made in any other manner." (See, also, Bacon on Benefit Societies, sec. 307, and cases there cited.)

The society which issued the certificate here in question authorized the member to change the designation of the beneficiary by a definite mode of proceeding to be pursued by the member, resulting in the issuance of a new certificate bearing the same number as the one surrendered, and designating therein a new beneficiary, thereby approving the new beneficiary as a proper appointee. As we have seen, the laws of the order provide for but one case in which any person

[1] 43 Am. St. Rep. 83.

other than the beneficiary named in the certificate can take the benefit named, and that is where the beneficiary dies before the member, in which case the benefit goes to the heirs at law, in case the member also dies without having made a new appointment in the mode above provided. It is clear that plaintiffs are not within either of these categories; they were not appointed by the member in his lifetime as beneficiaries, nor did the intervener, the only beneficiary ever named, die in the lifetime of the member.

There are cases where equity has controlled the disposition of the benefit, among which may be cited *Jory* v. *Supreme Council A. L. of H.*, 105 Cal. 20;[1] but the equity which controlled in that case was not a mere sentiment, but it accomplished that which the member attempted to accomplish, and would have rightfully accomplished, but for the fraud of the beneficiary named in the original certificate. Here there was no desire manifested or effort made by the member to change the designation of the beneficiary.

"The general rule undoubtedly is, that a policy of life insurance, or a designation of a beneficiary, valid in its inception, remains so, although the insurable interest, or relationship of the beneficiary, has ceased, unless it is otherwise stipulated in the contract." (Bacon on Benefit Societies, sec. 253; *Connecticut Mutual Life Ins. Co.* v. *Schaefer*, 94 U. S. 457.)

The provisions of the constitution and laws of benefit societies, as well as the benefit certificates, are almost as various as the different organizations. For an example, see *Tyler* v. *Odd Fellows' Mutual Relief Assn.*, 145 Mass. 134, where the by-laws provided that, after the payment of the expenses of the funeral and of the last sickness, the balance should be paid to the person designated by the member, or last legal assignment thereof, "*provided* such person was an heir, or member of the decedent's family." This qualification, of course, controlled the designation made by the beneficiary; and in that case the wife, who was named as the beneficiary, and had been divorced, not being an heir or member of the family of the deceased at the time of his death, was excluded.

In *Overhiser* v. *Overhiser*, 14 Colo. App. 1, the beneficiary certificate was issued by the Ancient Order of United Work-

[1] 45 Am. St. Rep. 17.

men, under the same requirements, laws, and regulations as those governing the present case, and in that case, as here, the wife was designated as the beneficiary, she obtained a divorce, and the member died without having designated another beneficiary. It was held that obtaining the divorce was not the legal equivalent of the death of the beneficiary, so as to give to the heirs any right to the fund. The only distinction between that case and this is, that there Mrs. Overhiser was allowed alimony in the sum of nine hundred dollars, to be paid in installments of twenty-five dollars per month, and that at various times both before and after the divorce she paid some of the dues and assessments necessary to keep the certificate in force, but these facts did not influence the decision, as clearly appears from the reasoning of the court.

We think the judgment of the court below in this case is not the legal conclusion from the facts found, and advise that the judgment rendered in favor of the plaintiffs and the defendant Marius J. Courtois, and dismissing appellant's complaint in intervention, be reversed, with directions to enter judgment in favor of the intervener against the defendant the Grand Lodge of the Ancient Order of United Workmen for said sum of two thousand dollars and interest thereon from the date of the judgment appealed from.

Cooper, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment rendered in favor of the plaintiffs and the defendant Marius J. Courtois, and dismissing appellant's complaint in intervention, is reversed, with directions to enter judgment in favor of the intervener against the defendant the Grand Lodge of the Ancient Order of United Workmen for said sum of two thousand dollars and interest thereon from the date of the judgment appealed from.

Henshaw, J., Temple, J., McFarland, J.

Hearing in Bank denied.