124  293
f139  533

LILLIAN WHITE V. THE BROTHERHOOD OF AMERICAN YEO-
    MEN, Defendant, FLORENCE H. EASTER, Intervener,
    Appellant.

**Mutual insurance:** BENEFICIARIES. The statement in a mutual benefit
1  certificate that the beneficiary is the wife of the member, is de-
   scriptive of her relation to him, and is not a provision for payment
   to his widow.

**Beneficiaries:** DIVORCED WIFE. The wife of an assured is a lawful
2  beneficiary under Code, section 1824, and a designation of her as
   such which is valid at the inception of the contract remains so al-
   though she may afterwards be divorced, unless the contract pro-
   vides otherwise or the assured has effected a change in beneficiary.

*Appeal from Jasper District Court.*— HON. B. W. PRESTON,
                         Judge.

WEDNESDAY, JUNE 8, 1904.

THE defendant is a mutual benefit association organized
under the laws of this State.   A. J. White held a certificate
of membership therein, by the terms of which the defendant
undertook to pay to Florence H. White, who was then his
wife, the sum of $1,000 upon his death.   Thereafter Flor-
ence H. White was divorced from the member, A. J. White,
and he married the appellee herein.   He died without hav-
ing changed his beneficiary, and Lillian White, his widow,
brought this suit to recover on the certificate.   Florence H.
Easter, formerly Florence H. White, who was named as the
beneficiary, intervened, claiming under the terms of the cer-
tificate.   The intervener's demurrer to the petition was over-
ruled, and appellee's demurrer to the petition of intervention
was sustained.   The intervener appeals.—*Reversed.*

*E. E. Blanchard,* for appellant.

A. F. Brown, for appellee.

SHERWIN, J.— As will be noticed from the facts stated, the contest is between the widow, Lillian White, and the divorced wife, who is the beneficiary named in the certificate, and who was at the time it was issued the wife of A. J. White.

The undertaking of the contract was to pay the sum therein named to Florence H. White, related to the member as wife. Section 1824 of the Code provides as follows:

1. BENEFICIARIES. "No fraternal association created or organized under the provisions of this chapter shall issue any certificate of membership to any person under the age of fifteen years, nor over the age of sixty-five years, nor unless the beneficiary under said certificate shall be the husband, wife, relation, legal representative, heir or legatee of such member." One of the expressed objects of the defendant association was to bestow substantial financial benefits " upon * * * the family, widow, heirs, blood relation, and such others as may be permitted by the laws of the State wherein this brotherhood shall operate," and its constitution and by-laws permitted a change of beneficiaries upon certain conditions. When the certificate was issued the appellant was the wife of A. J. White, and was one of the class of persons designated by the statute and by the laws of the order as a competent beneficiary. The statement that she was related to the member as wife was descriptive of her relation to him, and did not in itself provide for payment to his widow only. Overhiser's Adm'x v. Mutual Life Ins. Co., 63 Ohio St. 77 (57 N. E. Rep. 965, 50 L. R. A. 552, 81 Am. St. Rep. 612); Courtois v. Grand Lodge A. O. U. W., 135 Cal. 552 (67 Pac. Rep. 970, 87 Am. St. Rep. 137).

The statute provides only for the relationship that shall exist when the certificate is issued, and does not in words, or by fair implication, limit payment to those only who occupy

such relation at the time of death.    It was the evident intent **2. BENEFICIARIES:** of the Legislature to prohibit anything in the **divorced wife.** nature of gambling contracts, and to so limit the beneficiaries as to accomplish such a result.    Under the statute and under the laws of the order the member's legatee may be his beneficiary, and this without reference to who the legatee may be.    A person may will his property as he pleases, and it is therefore evident that the statute was not intended to limit beneficiaries to those for whom the law would provide in the absence of a last will and testament.    When the certificate was issued, the beneficiary being one of the class named by the statute and by the laws of the order, it created a valid contract with the member, agreeing to pay the sum therein named to the named beneficiary.    True, the member had the right to change his beneficiary, but he did not do so, nor attempt to do so, and we see no reason why we should change the contract and deprive the appellant of the provision which was thus made for her.    It is a well-recognized rule " that a policy of life insurance or a designation of a beneficiary, valid in its inception, remains so although the insurable interest or relationship of the beneficiary has ceased, unless it is otherwise stipulated in the contract." Bacon on Benefit Societies, section 253; *Connecticut Life Ins. Co. v. Schaefer,* 94 U. S. 457 (24 L. Ed. 251).

This rule has been held not to obtain, however, where the beneficiaries are restricted to the family, relations, or dependents, as was the case in *Tyler v. Odd Fellows' Mut. R. Ass'n,* 145 Mass. 134 (13 N. E. Rep. 360), relied upon by the appellee.    There it was stipulated that payment should be made to the person designated by the member, " provided such person was an heir or member of decedent's family." This limitation was held to be controlling, and the wife, who was named as beneficiary and had been divorced, not being an heir or member of the family of the deceased at the time of his death, was held incompetent as a beneficiary, and re-

covery was for that reason alone denied.   Had the certificate
before us been in terms payable to the wife or to the widow
of the deceased, we think a divorce would have excluded the
then wife, because of the absence of such relationship at the
time of death, but we have an entirely different case to deal
with.   It is also worthy of notice that Mr. White made no
effort to change his beneficiary, although he had the right to
do so, and knew that his former wife was expressly named as
his beneficiary in the certificate.   A married woman named
as beneficiary, in a policy of insurance on the life of her hus-
band, is entitled to the proceeds of the policy, notwithstand-
ing a divorce obtained by her before his death.   *Conn. Mut.
Life Ins. Co. v. Schaefer, supra; Overhiser v. Mut. Life Ins.
Co., supra; Courtois v. Grand Lodge, supra; McGrew v. Mut.
Life Ins. Co.,* 132 Cal. 85 (64 Pac. Rep. 103, 84 Am. St.
Rep. 20); *Overhiser v. Overhiser,* 14 Colo. App. 1 (59 Pac.
Rep. 75); *Bacon on Benefit Societies, supra.*

We reach the conclusion that the demurrers were wrong-
ly sustained, and the judgment is REVERSED.