ANCIENT ORDER OF HIBERNIANS *v.* MAHON.

1. INSURANCE — WIFE'S DESIGNATION AS BENEFICIARY NOT ABROGATED BY DIVORCE.

In the absence of a controlling statute or by-law or some contract provision on the subject, the designation of the wife of a member of a beneficial association by name as the beneficiary in a benefit certificate is not abrogated *ipso facto* by a subsequent decree of absolute divorce granted to the wife.

2. SAME—RESERVATION OF RIGHT TO CHANGE BENEFICIARY—NO DISTINCTION BETWEEN OLD LINE AND BENEFICIAL ASSOCIATIONS.

There is no distinction between old line insurance where the right to change the beneficiary is reserved and beneficial associations where the right to change the beneficiary is a part of the law of the association as to the right of a divorced wife named as the beneficiary to the insurance on the life of her husband where there has been no change in the beneficiary, the only effect of the right to change the beneficiary in both cases being to prevent any right vesting in a designated beneficiary pending the death of the insured.

3. SAME—LAW OF WILLS NOT APPLICABLE.

Where a wife was designated by name as the beneficiary in a benefit certificate on the life of her husband, and after she had been granted an absolute divorce, with judicial adjustment of property rights, there was no change of beneficiary, it cannot be held that the law of wills applies and that the designation of the wife as beneficiary was revoked by the divorce.

Appeal from Wayne; Hunt (Ormond F.), J.   Submitted October 31, 1922.   (Docket No. 128.)   Decided December 5, 1922.

Bill of interpleader by the Ancient Order of Hibernians against Elizabeth M. Mahon, Anna Mahon and

On effect of divorce on rights of beneficiary under insurance policy or benefit certificate, see notes in 3 L. R. A. (N. S.) 478; 39 L. R. A. (N. S.) 370; L. R. A. 1915D, 130.

others to determine the beneficiary in a benefit certificate. From a decree for defendant Elizabeth, defendant Anna and others appeal. Affirmed.

*Connolly & Henderson,* for appellants.

*Angell, Turner & Dyer,* for appellee.

WIEST, J. This is a bill of interpleader filed by plaintiff, an unincorporated fraternal beneficiary association, to have it determined whether the beneficiary certificate issued to William L. Mahon in March, 1905, should be paid to Elizabeth M. Mahon, the designated beneficiary therein, or to the administrator of Mr. Mahon's estate for distribution to his heirs at law. At the time the insurance was taken out defendant Elizabeth M. Mahon was the wife of William L. Mahon. In April, 1916, upon her application, Mrs. Mahon was granted a divorce with a property provision in lieu of dower. Mr. Mahon died in June, 1918, without changing the beneficiary. About a year before his death he transferred his membership from division No. 9 to division No. 1, and, under the by-laws of the order, it was necessary to make record in the division to which he transferred of the name of the beneficiary, and there appears in the "will book," as of February 1. 1918, the following entry:

"Name: William L. Mahon; occupation, freight cashier, Grand Trunk Railroad; age, 49; residence, 84 Linsdale avenue; entrance, Feb. 1, 1918; beneficiary, Elizabeth Lennon Mahon, wife; transferred from division 9, Wayne division."

The recording secretary of division No. 1 testified that the above entry was made by Mr. Mahon and is all in his handwriting with the exception of the word "wife." Mrs. Mahon's maiden name was Lennon.

Mr. Patrick J. Murphy, one of the national directors of the association, testified:

"*Q*. Is there anything in the constitution or by-laws to your knowledge, Mr. Murphy, that would prevent the payment of the above benefit to the divorced wife of a member?

"*A*. Why, divorce was unknown to our people and we have made no provision for such a contingency.

"*Q*. When you say, 'to our people' what do you mean by that?

"*A*. Members of our organization."

He further testified:

"As I understand the laws of the Catholic church, if he had himself secured a divorce he would not have been entitled to the benefits of our organization.   *   *   *

"*Q*. Is there anything in the constitution and by-laws or otherwise which prevent payment of the death benefit to a person that is not a Catholic?

"*A*. No, the section of the by-laws that I have just read to you places no such limitation.  That section reads, 'Death benefits shall be paid to such person or persons as the deceased member shall ordain.' "

It is the claim of the appealing defendants that the divorce terminated the rights of Elizabeth L. Mahon; that she ceased to be dependent upon William L. Mahon after the decree of divorce, and to allow her to recover on this certificate would defeat the purpose of the organization declared in the preamble of the constitution as follows:

"Its work covers every lawful demand of friendship between its members and the protection of all dependent on them."

It is evident that Mr. Mahon was in accord with the attitude of the Catholic church toward divorce.  The association, also in accord with the Catholic church, did not recognize divorce, and therefore did not provide for change of beneficiary in case of divorce.  We find no statute and no provision of the laws of the plaintiff association limiting the payment of death

benefits to a particular class of persons. Act No. 256, Pub. Acts 1917, revised and consolidated the laws relating to insurance, and, while section 6, chapter 4, part 3 (Comp. Laws Supp. 1922, § 9100 [194]), provides that the payment of death benefits shall be confined to wife, etc., section 29 (Comp. Laws Supp. 1922, § 9100 [219]) of the same chapter exempts societies from the provision of this law which limit their membership to any one religious denomination.

Article 13, § 8, of the by-laws of the association provides:

"Death benefits shall be paid to such person or persons as the deceased member shall ordain, or if said member has not so ordained, then to the administrator, executor or guardian appointed by the probate court of the county in which the said member resides."

We are urged to consider the purpose of the association, declared in the preamble of its constitution, as barring any beneficiary interest in case of divorce procured by the beneficiary. This preamble provides:

"The purpose of this order is to promote the friendship, unity and Christian charity of its members, and preserve the spirit of Irish nationality.

"Its membership is confined exclusively to practical Catholics, of Irish blood or descent, who love Ireland and revere the Catholic church.

"Its work covers every lawful demand of friendship between its members and the protection of all dependent on them. The sick and infirm shall be cared for and the widows and orphans protected. Education and every virtue of Christian citizenship for which the Irish race is renowned shall be fostered, and by every necessary sacrifice and effort sufficient funds and property shall be contributed, collected, obtained and used to carry forward permanently, to the honor of the Irish race, the broad principles of the order herein proclaimed."

Considering this preamble and the by-laws as a part of the contract, we find nothing to prevent Mrs. Mahon from continuing as beneficiary after the divorce. Mr. Mahon was at liberty at any time to change the beneficiary. The by-laws left the designation of the beneficiary and the right to change the same at will to Mr. Mahon. He never elected to make any change of beneficiary but rather indicated by his every disclosed act that he did not care to make a change. In the absence of a controlling statute or by-law or some contract provision on the subject the designation of the wife by name as the beneficiary is not abrogated *ipso facto* by a subsequent decree of absolute divorce granted the wife. So far as this question is concerned there is no distinction between old line insurance where right to change the beneficiary is reserved and benefit associations where the right to change the beneficiary is a part of the law of the association. The right to change the beneficiary prevents any vested right in a designated beneficiary pending the death of the insured.

We are asked to hold that the designation of the beneficiary was testamentary in character, and the reason for the designation was the marital relation and when the reason was no longer applicable, and there had been a judicial adjustment of property rights, the law of wills, as announced in *Lansing* v. *Haynes,* 95 Mich. 16 (35 Am. St. Rep. 545), should be applied here, and the designation of the beneficiary be held revoked by the divorce. This we cannot do. The reason why this cannot be done is well stated in *Ladies' Auxiliary of Ancient Order of Hibernians* v. *Flanigan,* 190 Mich. 675.

It has been held that a beneficiary designated by the mere status of "wife" loses such status and designation in case of divorce. 2 Joyce on Insurance (2d Ed.), § 818:

"But a divorce does not terminate the rights of the woman in a benefit certificate on a man's life where it is made payable to her by name, and the statutes permit such certificate to be issued in favor of the wife or legatee, while no attempt is made to change the beneficiary after the divorce."

See, also, *White* v. *Brotherhood of American Yeomen*, 124 Iowa, 293 (99 N. W. 1071, 66 L. R. A. 164, 2 Ann. Cas. 350, 104 Am. St. Rep. 323) ; *Schmidt* v. *Hauer*, 139 Iowa, 531 (111 N. W. 966) ; *Connecticut Mut. Life Ins. Co.* v. *Schaefer*, 94 U. S. 457; *Courtois* v. *Grand Lodge A. O. U. W.*, 135 Cal. 552 (67 Pac. 970, 87 Am. St. Rep. 137) ; *Filley* v. *Insurance Co.*, 91 Kan. 220 (137 Pac. 793, L. R. A. 1915D, 130) ; *Overhiser* v. *Overhiser*, 63 Ohio St. 77 (57 N. E. 965, 50 L. R. A. 552, 81 Am. St. Rep. 612) ; *Farra* v. *Braman*, 171 Ind. 529 (86 N. E. 843) ; *Brown* v. *Grand Lodge A. O. U. W.*, 208 Pa. St. 101 (57 Atl. 176).

In the circuit decree was entered in favor of Mrs. Mahon.

The decree is affirmed, with costs.

FELLOWS, C. J., and MCDONALD, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred. MOORE, J., did not sit.