### MODERN WOODMEN OF AMERICA *v.* PATTON.

INSURANCE—BENEFICIAL ASSOCIATIONS—DIVORCED WIFE INELIGIBLE
AS BENEFICIARY UNDER MUTUAL BENEFIT POLICY.

> Under 2 Comp. Laws 1915, § 9422, providing that a
> fraternal beneficiary association should make payments
> of benefits only to wife, husband, children, etc., of insured,
> a wife who has divorced her husband has thereby become
> ineligible to take as his beneficiary in a mutual benefit
> policy.[1]

Appeal from Kent; Perkins (Willis B.), J.    Sub-
mitted October 15, 1924.    (Docket No. 100.)    De-
cided December 10, 1924.

Bill of interpleader by the Modern Woodmen of
America against Grace Patton, Phebe Patton, and
others to determine the title to a policy of insurance.
From a decree for Grace Patton and others, Phebe
Patton and another appeal.    Affirmed.

[1] Mutual Benefit Insurance, 29 Cyc. p. 107.

*Clark H. Gleason* and *Colin P. Campbell,* for appellants.

*Fred P. Geib,* for appellees.

CLARK, C. J.    James A. Patton received a mutual benefit certificate from plaintiff society, in which his then wife, Phebe Patton, was named as beneficiary. On May 9, 1908, while a suit for divorce was pending, Mr. Patton effected a change of beneficiary in accordance with the by-laws of the society, and a new certificate was issued of that date, payable to "legal heirs related to said member in the relationship of heirs." A decree of divorce was granted to Mrs. Patton on her cross-bill on July 28, 1908.    Mr. Patton died on April 22, 1923.    The fund was claimed by Mrs. Patton and by Mr. Patton's sisters and others as his heirs at law.    Plaintiff filed a bill of interpleader.    The contest is between Mrs. Patton and the said heirs.    Defendant Gleason, it seems, was executor of Mr. Patton's will.    From a decree in favor of said heirs at law, Mrs. Patton (and the executor) has appealed, and states her position:

"* * * Phebe Patton contends that the words 'legal heirs' as used in the policy to describe the beneficiaries, means those persons then in being who would fit the designation had the assured then died; that the persons then in being who met the designation were Ethel W. Patton their daughter and herself; that the daughter having died subsequently and before the assured's death that she is the only surviving beneficiary and is entitled to the whole two thousand dollars."

If it were conceded that she is right in her construction of the words "legal heirs," that would not dispose of the case.    By the divorce she was made ineligible to take as a beneficiary (see 2 Comp. Laws 1915, § 9422, and cases annotated, *Schiller-Bund* v. *Knack,* 184 Mich. 95), and she passed without the

class entitled to be named as beneficiaries under the rules of the society.

Two minor questions are raised, but they do not merit discussion.

The decree is affirmed, with costs to the heirs at law against Phebe Patton.

McDONALD, BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.