AMERICAN INSURANCE UNION *v.* ROBINSON.

Opinion delivered March 15, 1926.

INSURANCE—ASSUMPTION OF INSURER'S LIABILITY.—Where appellant assumed the liability of an insurance association which had insured appellee's wife for his benefit, and thereafter accepted her monthly payments, it became liable to her beneficiary upon her death in accordance with the terms of the original contract.

Appeal from Woodruff Circuit Court, Southern District; *E. D. Robertson,* Judge; affirmed.

*Basil Baker,* for appellant.

*Jonas F. Dyson,* for appellee.

HUMPHREYS, J. This suit, which appellee brought against appellant in the circuit court of Woodruff County, was predicated upon the theory that appellant became the successor of the American Mutual Benefit Association of Jonesboro, Arkansas, and was liable to appellee, the beneficiary in a life insurance certificate issued by said American Mutual Benefit Association of Jonesboro, to his wife, Mary S. Robinson. The certificate for insurance and application therefor constituted a contract

between the American Mutual Benefit Association of Jonesboro and Mary S. Robinson, whereby it agreed in case of her death to pay her beneficiary, the appellee herein, the sum of $75 in case she should die within six months after the date of the policy; the amount of the payment, however, to increase on the first day of each calendar month in the sum of $12.50, after the expiration of six months for and during a period of 74 months, or until it reached the maximum of $1,000, upon condition only that prompt and due payment by certificate holders be made at the home office of the American Mutual Benefit Association of Jonesboro, for any and all assessments that might be made under the rules set forth in the application and by-laws of said association. Said association issued to Mary S. Robinson certificate No. 908 in class 4, which provided for payment to her beneficiary in accordance with the scale set out above within thirty days after satisfactory proof of her death should be made to it. Prior to her death the American Mutual Benefit Association of Jonesboro was absorbed by the Home Protective Association of Springdale, Arkansas, which mailed the following rider to Mary S. Robinson, with directions to attach same to her certificate of insurance, which she did: "Please attach to your certificate. 'The Home Protective Association of Springdale, Arkansas, hereby assume liability under certificate No. 908, class 4, issued to Mrs. Mary S. Robinson, by the American Mutual Benefit Association of Jonesboro, Arkansas, and this certificate will hereby be known and designated as certificate No. 43, roll No. 6, of the Home Protective Association of Springdale, Arkansas. In writing about this certificate in future always refer to certificate No. 43, roll No. 6. Dated this 19th day of November, 1917. Signed: C. B. Dodson, President. Charles F. Renner, Secretary.' "

Subsequently appellant took over the Home Protective Association of Springdale, and mailed notice to Mary S. Robinson, which it is admitted she received. This notice is as follows:

"Make all remittances to cashier Home Protective Chapters, American Insurance Union, Columbus, Ohio. Springdale office discontinued." This notice was received in December, 1918. All the premiums and assessments were paid by Mary S. Robinson to each of these associations in accordance with her contract with the American Mutual Benefit Association of Jonesboro, until the time of her death on the 30th day of September, 1923, under the terms of which said certificate of insurance had reached the value of $987.50. When the proof of her death and a claim for said amount was presented to appellant, it refused to pay the amount, denying it was successor to the American Mutual Benefit Association of Jonesboro, and contending that its liability to appellee was limited by contract between it and the Home Protective Association of Springdale, when it absorbed that company, to such amount as it should collect from the membership of roll No. 6, less one-sixth of the amount collected as expenses for collecting same, during the month Mary S. Robinson died, which amounted to $237.23. A voucher for said amount was tendered to appellee in full settlement of his claim, which was refused, and this suit followed.

Appellant interposed its contract with the Home Protective Association of Springdale, limiting its liability, as a defense to the action. The trial of the cause resulted in a judgment in favor of appellee for $987.50, from which is this appeal.

A reversal of the judgment is sought upon the theory that the insured, Mary S. Robinson, became a member of the Home Protective Association of Springdale, and subject to its by-laws and constitution by virtue of the merger of said last-named association with appellant. The rider which the Home Protective Association of Springdale, Arkansas, attached to the certificate of insurance issued to Mary S. Robinson by the American Mutual Benefit Association of Jonesboro was an absolute assumption of liability under certificate No. 908, class 4, issued by the

latter fraternal organization to Mrs. Robinson. Her certificate and roll numbers were changed for the purposes of designation and reference, but the rider did not attempt to change her membership or the terms of her original contract. It contained no provision requiring her to accept the rules and by-laws of the Home Protective Asssociation of Springdale, nor did it contain a notification that her certificate would be controlled or governed by them. The argument, then, that Mrs. Robinson was bound by the contract between appellant and the Home Protective Association of Springdale, relative to its liability upon the insurance certificates of the membership of the former, is without foundation in fact, and must fall. The Home Protective Association of Springdale could only bind its members to a merger contract, and had no authority whatever to commit Mrs. Robinson, without her consent and knowledge, to an agreement impairing her original contract, which it had assumed and agreed to perform. It is true that appellant introduced testimony tending to show that it mailed a rider to Mrs. Robinson to be attached to her certificate of insurance, embodying the substance of its contract with the Home Protective Association of Springdale, limiting its liability in the payment of death losses, but appellee introduced testimony to the effect that Mrs. Robinson never received or heard of such a rider. This question of disputed fact was determined against appellant in the trial, and it is bound by the finding.

So far as Mrs. Robinson is concerned, appellant took the place of the Home Protective Association of Springdale, successor to the American Mutual Benefit Association of Jonesboro, and, having accepted her monthly payments, is liable to her beneficiary on the contract she made with the American Mutual Benefit Association of Jonesboro.

No error appearing, the judgment is affirmed.