## WALDEN v. McCOLLUM.

### Opinion delivered December 6, 1926.

1. INSURANCE—BY-LAW LIMITING BENEFICIARIES.—In a suit on a benefit certificate by the beneficiary, a by-law of the society which limited the beneficiaries to the family of members did not divest the wife's right as such on a subsequent divorce, as the by-law relates only to her eligibility at the time of issuing the policy.

2. INSURANCE—INTEREST OF BENEFICIARY.—Where a beneficiary has an insurable interest under the laws and regulations of the insurance company at the time of the issuance of the policy, the subsequent termination of that interest does not affect the right to receive the benefits, unless there is an express provision in the contract to that effect.

3. INSURANCE—INTEREST OF BENEFICIARY—BY-LAW OF SUCCESSOR TO INSURER.—In an action by a divorced wife as beneficiary of a policy, a by-law of a successor to the insurer providing that a divorce of the beneficiary from the insured should render the divorced wife ineligible to the benefits of the policy *held* not to affect her right to the insurance, in the absence of any showing that the successor had a right to change contracts assumed without the policyholder's consent.

Appeal from Clay Circuit Court, Western District; *W. W. Bandy,* Judge; affirmed.

*C. T. Bloodworth,* for appellant.

*C. T. Carpenter,* for appellee.

McCULLOCH, C. J.   N. K. McCollum, a resident of Clay County, Arkansas, became a member and certificate holder on August 2, 1915, of an insurance organization known as the National Council of the Knights and Ladies of Security, a foreign corporation domiciled at Topeka, Kansas.   The policy, or benefit certificate, issued by said organization to McCollum in the sum of $2,000 was payable to his then wife, Mary McCollum, who is the appellee in this case.   McCollum and his wife, the appellee, were divorced in October, 1923, by decree of the chancery court in a suit instituted by her, and McCollum died April 28, 1924, without having changed the designation of beneficiary or attempted to do so.   He was in good standing up to the time of his death, all of the premiums, assessments and dues having been paid in accordance with the

contract. Some time after the issuance of the policy to McCollum, the Security Benefit Association, another insurance concern domiciled at Topeka, Kansas, took over or absorbed the National Council of the Knights and Ladies of Security and assumed all of its obligations to policyholders. The time when this was done is not shown definitely in the record.

Appellee made proof of death to the Security Benefit Association, and the latter concern expressly admitted liability for the amount of the benefit, but refused to pay it to appellee on the ground that all benefits under the policy were claimed by appellants, who were children of McCollum by a former marriage. Appellee instituted this action against the Security Benefit Association to recover the amount of the policy, and appellants intervened and claimed the amount involved, on the ground that, under a by-law of the association, appellee's interest in the policy ceased upon a divorce from the assured, and that the benefit fell to appellants as the children and heirs. The Security Benefit Association paid the amount of the benefit into court, upon stipulation of all of the claimants that the funds should be held subject to final decision. This eliminated the Security Benefit Association from the controversy, and the cause proceeded upon the issues between appellants and appellee. There was a trial before a jury, which resulted in a verdict in favor of appellee, and judgment was accordingly rendered in her favor for the recovery. of the sum involved.

Appellants base their claim upon certain by-laws of the two associations—one of the National Council of the Knights and Ladies of Security, and two others of the Security Benefit Association. The one relied on of the National Council of the Knights and Ladies of Security is § 1, art. 7, which reads as follows: "The beneficiaries shall be confined to the families, heirs, blood relatives, affianced husband or affianced wife, or to persons dependent upon the member." This provision, however, does not deprive appellee of the benefit on account of the

divorce, for it relates only to the eligibility of beneficiaries at the time of the issuance of the policy. The prevailing doctrine on that subject is stated in 19 R. C. L., p. 1219, as follows:

"Ordinarily a designation valid in its inception continues to be so. Thus, if the by-laws of a benefit society provided that a beneficiary designated by a member and named in the certificate shall, in every instance, be one or more members of the family, or some one related to him by blood, or shall be dependent upon him, such provision must be construed as referring to the relationship at the date of the certificate, and the designation of a beneficiary, valid in its inception, remains, although such relationship has ceased by divorce, or otherwise, unless it is stipulated to the contrary in the contract of membership."

The text is supported by the following authorities: *Filly* v. *Illinois Life Ins. Co.,* 91 Kan. 220, 137 P. 793, L. R. A. 1915D, 130; *White* v. *U. S. Brotherhood of American Yeomen,* 124 Iowa 293, 99 N. W. 1071, 66 L. R. A. 164; *Overheiser* v. *Mutual Life Ins. Co.,* 63 Ohio St. 77, 50 L. R. A. 553; *Snyder* v. *Supreme Ruler T. N. C.,* 122 Tenn. 248, 45 L. R. A. (N. S.) 209; *Wallace* v. *Mutual Benefit Life Ins. Co.,* 97 Minn. 27, 3 L. R. A. (N. S.) 478; *Schmidt* v. *Hauer,* 139 Iowa 531; 2 Joyce on Insurance, § 902. The doctrine has also been announced by this court that, where a beneficiary has an insurable interest under the laws and regulations of the insurance organization at the time of the issuance of the policy, the subsequent termination of that interest does not affect the right to receive the benefit, unless there is an express provision in the contract to that effect. *Atkins* v. *Cotter,* 145 Ark. 326. There was nothing of that kind in the contract with the organization which issued the certificate, therefore, under the doctrine announced, appellee was not cut out of her right to recover the amount of the benefit because of her divorce from her husband.

The two provisions in the by-laws of the Security Benefit Association relied on by appellants read as follows:

"Section 1.   The payment of death benefits shall be confined to wife, husband, relative by blood, not further removed than first cousins, father-in-law, mother-in-law, daughter-in-law, stepfather, stepmother, stepchildren, children by legal adoption or to a person or persons dependent upon the member; provided, that the member may, with the consent of the association, make an incorporated charitable institution his beneficiary.   In case a husband or wife is designated as beneficiary and subsequent thereto becomes divorced from the member, such divorce shall render either of the parties ineligible as a beneficiary and shall annul the designation."

"Section 81a.   Who may be beneficiaries.   The beneficiaries shall be confined to those named in article 7 of § 1 of the constitution. · In all cases the person intended as beneficiary shall be specifically named in the beneficiary certificate.   No payment shall be made upon any beneficiary certificate to any person who does not bear the required relationship at the time of the member's death."

Under the facts shown in the record in this case, we do not think that the quoted provisions in the by-laws of the Security Benefit Association have any effect upon the contract of insurance now involved.   It is undisputed that the organization known as the National Council of the Knights and Ladies of Security has been "absorbed and its obligations assumed by the Security Benefit Association."   Such are among the undenied allegations of appellee's complaint, and there is an express stipulation in the record to that effect. According to the facts thus shown in the record, there was an unconditional assumption by the Security Benefit Association of all the obligations of the National Council of the Knights and Ladies of Security, and this included an agreement to comply with the contract represented by the policy or benefit certificate issued to McCollum and payable to appellee.   The contract between the two associations is not shown in the record, further than the stipulation with regard to the assumption of obligations, but there is

nothing which would, either in express terms or by necessary implication, confer upon the Security Benefit Association the right to change any of the original contracts which had been assumed, and this could not be done without the consent of the policyholder. *American Insurance Union* v. *Robinson,* 170 Ark. 767, 281 S. W. 393. Therefore appellee, upon the undisputed facts in the record, is entitled to collect the amount of the benefit.

There are numerous assignments of error with respect to the rulings of the court in admitting and excluding testimony and also with reference to the court's charge to the jury, but, as the material facts of the case are undisputed, it is unnecessary to discuss the other questions presented.

Judgment affirmed.