MORRIS *v.* PROTECTED HOME CIRCLE OF SHARON, PA.

INSURANCE—FRATERNAL ASSOCIATIONS—WIFE CEASED TO BE BENEFICIARY WHEN DIVORCED.

> Under Comp. Laws Supp. 1922, § 9100 [194, 219], a wife, named as beneficiary in a certificate issued to her husband by a fraternal society limiting beneficiary to that of wife, upon obtaining a divorce, was no longer beneficiary, although no change was made in the certificate before the husband's death.

Error to Wayne; Dunham (Major L.), J., presiding. Submitted June 8, 1928. (Docket No. 64, Calendar No. 33,749.) Decided July 24, 1928.

Assumpsit by Jessie Morris against the Protected Home Circle of Sharon, Pennsylvania, on a policy of insurance. Judgment for plaintiff on a directed verdict. Defendant brings error. Reversed, and no new trial ordered.

*Edward A. McNerney,* for appellant.

*George E. Eckert* (*John B. McIlwain,* of counsel), for appellee.

WIEST, J. In 1907, John B. Morris took out a benefit certificate in the Protected Home Circle of Sharon, Pennsylvania, for $500, payable to "Jessie M. Morris, wife." Mr. Morris paid his monthly dues to and including the month of December, 1923. He died February 5, 1924, without having designated any change of beneficiary. Some time before his death the beneficiary obtained a divorce and married a man by the name of Kadir. At the time of his death Mr. Morris had failed to make the payments due for the insurance for the month of January, 1924, and, under

the law of the society, was automatically suspended. A few days before his death his former wife tendered the proper officer of the society the dues for the month of January and the tender was refused. This suit was brought upon the certificate by the beneficiary named therein, and, at the trial, defendant offering no evidence, verdict was directed in favor of plaintiff. At the close of plaintiff's proofs defendant moved for a directed verdict in its favor. This was denied. Defendant also moved for a new trial, but did not request the circuit judge to file reasons in case of denial. The motion was denied, no reasons were filed and no exceptions entered. Defendant reviews by writ of error.

It is claimed, in behalf of defendant, that, when the beneficiary was divorced, she lost her status as beneficiary. The law of the society contains no provision respecting the divorce of a beneficiary. This is not a case of a fraternal society limiting membership to a particular religious belief, or benefits to $500 or less, and, therefore, without the terms of the statute (Comp. Laws Supp. 1922, § 9100 [194, 219]), and within our decision in *Ancient Order of Hibernians* v. *Mahon*, 221 Mich. 213, but a society within the provisions of the statute limiting beneficiary to that of wife, and, therefore, within our decision in *Modern Woodmen of America* v. *Patton*, 229 Mich. 62.

Plaintiff, upon divorce, was no longer beneficiary.

The judgment is reversed, without a new trial, with costs to defendant.

FEAD, C. J., and NORTH, FELLOWS, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.