JOSEPH P. EDGINGTON, Appellee, v. EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellee; ELVA SLACKS-FIGI, Intervener, Appellant.

No. 46657.

904

November 13, 1945.

Whitney, Whitney & Stern, of Storm Lake, for appellant.

Garfield & Baker, of Humboldt, for appellee.

WENNERSTRUM, J.—Plaintiff brought an action at law against the defendant, the Equitable Life Assurance Society of the United States, wherein he sought recovery from the defendant of the amount due under a policy issued by it upon the life of Elma P. Edgington. The policy was of a retirement annuity nature and was payable to Elma P. Edgington and provided that in the event of her death prior to the due date of the first annuity payment the defendant company agreed to pay the death benefit provided in the policy "to her hus-

band, Joseph P. Edgington, if living, if not living, to her cousin, Elva Slacks. Beneficiary.'' Joseph P. Edgington and Elma P. Edgington were divorced subsequent to the issuance of the policy. She never remarried but he did. The contingent beneficiary, Elva Slacks-Figi, filed a petition of intervention, claiming the proceeds of the policy. She therein pleaded the fact of the divorce action and further alleged that it was the intention of Elma P. Edgington that if she died leaving no husband the proceeds of the policy should be paid to the intervener. A subsequent amendment to the petition of intervention was filed by the intervener wherein she made reference to and attached copies of all the papers in connection with the divorce action of Elma P. Edgington v. Joseph P. Edgington and made them a part of her amended petition. It was further alleged that by reason of the divorce and the provisions of section 10483 of the 1924 Code of Iowa, Joseph P. Edgington forfeited any and all right that he had in and to the policy or the proceeds therefrom. A motion to strike and an amendment thereto were thereafter filed by the plaintiff, which sought to strike certain portions of the petition of intervention and particularly that portion relating to the divorce proceedings of Elma P. Edgington and Joseph P. Edgington. This motion was sustained by the trial court. The intervener, Elva Slacks-Figi, has appealed from this ruling. Inasmuch as the ruling on this motion denied the intervener all affirmative defenses of her petition, permission was given by this court to present this appeal from this interlocutory ruling.

The Equitable Life Assurance Society of the United States filed an answer and cross-petition wherein it asked that the plaintiff and intervener be required to interplead and set forth their respective claims, that an order be entered directing the assurance society to pay into the court the proceeds due under the policy for the benefit of such party as should later be determined to be entitled to it, that upon payment of said sum the society be released and discharged. The answer also asked that the cause be transferred to the equity docket of the court for disposition of the cross-petition of the Equitable Life Assurance Society of the United States. By reason of a written

stipulation entered into between the plaintiff and the intervener a decree of interpleader was entered in this case, the money due on the policy was paid to the clerk of the district court, and the action was dismissed as against the Equitable Life Assurance Society of the United States.

It is the contention of the appellant that the ruling of the trial court deprived her of the right to prove (1) that the divorce was granted to Elma P. Edgington and to show that Joseph P. Edgington was the guilty party in the divorce action (2) that the divorce eliminated Joseph P. Edgington as a beneficiary. It is also claimed (3) that the intervener, by the ruling on the motion to strike, was prevented from arguing in regard to the effect of section 10483 of the Code of Iowa, and (4) that the intervener was thereby deprived of every affirmative defense pleaded by her.

The motion to strike in the instant case is equivalent to a motion to dismiss under our present practice or a demurrer under our former rules of practice. It involves the determination of the question whether the stricken portions of the original petition of intervention and the amendment thereto were improper and unnecessary. Rule 113 of the Iowa Rules of Civil Procedure provides that, ''Improper or unnecessary matter in a pleading may be stricken out on motion of the adverse party.'' It is therefore necessary for us to decide whether the divorce of Elma P. Edgington was a proper and necessary matter to be considered by the trial court.

I. The rule heretofore adopted by this court, and which is also the rule apparently adhered to by all other jurisdictions in this country with the exception of Kentucky and Texas, is that a life-insurance policy originally valid does not cease to be so by reason of the cessation of the insurable interest or relationship of the beneficiary in the meantime. 29 Am. Jur., Insurance, section 1309. It is stated in this last-referred-to authority that:

'' * * * in many, but not all, jurisdictions * * * in the absence of a policy provision to the contrary or regulation of the matter by statute, the rights of the beneficiary in an ordinary life insurance policy, including the right to receive the

proceeds thereof upon maturity of the policy, are in no way affected by the mere fact that the parties are divorced subsequent to issuance of the policy."

It is stated in 44 C. J. S., Insurance, section 211, as follows:

" * * * it ordinarily has been held that a policy of insurance on the life of one spouse naming the other as beneficiary, being valid in its inception, remain so notwithstanding subsequent termination of the marital relation during the lives of the parties, and that such termination does not void the provision of the policy naming the spouse as beneficiary."

See, also, 27 C. J. S., Divorce, section 180. For a compilation of the authorities bearing upon this subject reference is here made to the annotations found in 52 A. L. R. 389–395, inclusive, and 59 A. L. R. 172. A further supporting authority to this same rule is found in 7 Cooley's Briefs on Insurance, Second Ed., 6358, 6359, where supporting cases are cited.

In the case of White v. Brotherhood of American Yeomen, 124 Iowa 293, 294, 296, 99 N. W. 1071, 1072, 66. L. R. A. 164, 104 Am. St. Rep. 323, 2 Ann. Cas. 350, this court stated:

"When the certificate was issued the appellant was the wife of A. J. White, and was one of the class of persons designated by the statute and by the laws of the order as a competent beneficiary. The statement that she was related to the member as wife was descriptive of her relation to him, and did not in itself provide for payment to his widow only. Overhiser's Adm'x v. Mutual Life Ins. Co., 63 Ohio St. 77 (57 N. E. Rep. 965, 50 L. R. A. 552, 81 Am. St. Rep. 612); Courtois v. Grand Lodge A. O. U. W., 135 Cal. 552 (67 Pac. Rep. 970, 87 Am. St. Rep. 137). * * *

"A married woman named as beneficiary, in a policy of insurance on the life of her husband, is entitled to the proceeds of the policy, notwithstanding a divorce obtained by her before his death. Conn. Mut. Life Ins. Co. v. Schaefer, supra; Overhiser v. Mut. Life Ins. Co., supra; Courtois v. Grand Lodge, supra; McGrew v. Mut. Life Ins. Co., 132 Cal. 85 (64 Pac. Rep. 103, 84 Am. St. Rep. 20); Overhiser v. Overhiser,

14 Colo. App. 1 (59 Pac. Rep. 75); Bacon on Benefit Societies, supra.''

See, also, Schmidt v. Hauer, 139 Iowa 531, 532, 533, 111 N. W. 966; Thomas v. Locomotive Engineers' Mut. L. & Acc. Ins. Assn., 191 Iowa 1152, 1175, 183 N. W. 628, 15 A. L. R. 1240; Reilly v. Penn Mut. L. Ins. Co., 201 Iowa 555, 207 N. W. 583, and also Connecticut Mut. L. Ins. Co. v. Schaefer, 94 U. S. 457, 24 L. Ed. 451, which is the generally accepted leading case on the question commented upon in this division.

We have been cited to Schonfield v. Turner, 75 Tex. 324, 12 S. W. 626, 628, 7 L. R. A. 189, and Sea v. Conrad, 155 Ky. 51, 159 S. W. 622, 47 L. R. A., N. S., 1074, Ann. Cas. 1915C, 318. We are not disposed to accept these cases as authorities to be followed. The courts of these two states apparently do not follow and adhere to the general rule heretofore stated. It is our conclusion that this court should continue to follow the general rule and our previous cases supporting it. In the Texas case the decision is based upon the provisions of the benefit certificate issued by a lodge organization. In the Kentucky case the court of that state held that a statute prevented a divorced person from receiving the proceeds of an insurance policy even though named as beneficiary at the time of the death of the insured person. The appellant also cites Petty v. Mutual Ben. L. Ins. Co., 235 Iowa 455, 15 N. W. 2d 613. In this last-cited case the evidence and exhibits showed an intention to make an assignment. We do not see where this case gives support to the contentions of the appellant.

We therefore conclude that we should adhere to the formerly expressed rule that where the designation of a beneficiary in a policy, such as is involved in the present case, was valid in its inception, it remains so even after the marital relationship has been terminated by divorce.

■ II. It is the further contention of the appellant that she should have had the right and opportunity to prove that the divorce action was brought by Elma P. Edgington against Joseph P. Edgington, that she was granted the divorce, that she was the innocent party, and that Joseph P. Edgington was the guilty party. We do not feel that these contentions of the

appellant are sound. The divorce action was a noncontested one and if we were to give favorable consideration to the suggestions of the appellant we would make possible a retrial of the divorce action. Such a proceeding would be collateral to the primary issue before the trial court and now before this court on appeal. Elma P. Edgington had full opportunity to change the beneficiary of the policy issued to her. This she did not do. We are constrained to hold that we have no right to change the insurance contract as originally made.

In Jones v. Continental Cas. Co., 189 Iowa 678, 681, 682, 179 N. W. 203, 204, 18 A. L. R. 1329, we stated:

"It may be conceded at the outset that the provision in the policy in question is valid, and that the court will not make a contract for the parties, and further, that, if the language employed is plain and unambiguous, the language used will be given force."

We therefore have a situation in the present case where the beneficiary named was a valid and proper one at the time of the inception of the contract and we are not justified under our previous holdings in changing that contract and thereby naming a different beneficiary. We therefore hold that the consideration of the divorce action would have been improper and that the court was correct in striking all reference to this proceeding.

III. It is the further contention of the appellant that section 10483 of the 1924 Code of Iowa, which Code and section, if applicable at all, would apply to the policy and proceedings herein, denies the right of Joseph P. Edgington, the primary beneficiary, to receive the proceeds of the policy.

Section 10483, 1924 Code of Iowa, is as follows:

"Forfeiture of rights. When a divorce is decreed the guilty party forfeits all rights acquired by marriage."

We do not believe that this statute has application to the present situation. The insurance contract as entered into between the assurance society and the insured was for the benefit of a third-party beneficiary. The only right which Joseph P.

910

Edgington obtained by his marriage in regard to the insurance policy was that of having an insurable interest. He had no rights in the policy itself inasmuch as it provides that "the Annuitant may from time to time, by written notice duly filed at the Society's Home Office, change the beneficiary * * * ." The policy also provides that, "The Annuitant (or assignee if any) may, without the consent of the beneficiary, surrender, assign or pledge this contract and all rights hereunder or, subject to the Society's approval, change this contract."

We are unable to hold, as appellant would have us, that the appellant had any rights in the policy in question such as are contemplated in the statute previously set forth. We have concluded that the case of Hamilton v. McNeill, 150 Iowa 470, 129 N. W. 480, Ann. Cas. 1912D, 604, which has been cited by the appellant, is not applicable to the present situation.

Upon a full consideration of all the matters presented we hold that the trial court was correct in striking the portions of the petition of intervention wherein reference is made to the divorce proceedings. We therefore affirm the trial court.— Affirmed.

MILLER, C. J., and SMITH, MANTZ, BLISS, OLIVER, HALE, and MULRONEY, JJ., concur.

GARFIELD, J., takes no part.